## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### CAMP v. NORFLEET'S ADM'X.

#### MAY 5th, 1887.

SALES—*Estimated quantity—Mistake—Deficiency—Compensation.*—Where vendee contracts for the payment of a gross sum for a tract of land upon an estimate of a certain quantity, it is presumable that the quality influences the price, and that the contract is not one of hazard ; and where by mutual mistake the parties have overestimated the quantity, an abatement will be allowed for the deficiency, according to the rule laid down in *Yost* v. *Mallicote,* 77 Va. 610.

Appeal from decree of circuit court of Nansemond county, rendered twenty-third August, 1884, in the chancery cause of William N. Camp against Sarah E. Norfleet. The object of the suit was to enjoin the collection of the purchase money of certain lands purchased by Camp from Norfleet, on the ground that in the tract which was estimated by the vendor and the vendee to contain 892 acres there was a deficiency of 210 acres, on account whereof the latter claimed an abatement of the purchase money that remained due and unpaid. The defendant having answered, denying claim to abatement, and insisting that the sale was a contract of hazard, and depositions having been taken, the court, on hearing the cause, dissolved the injunction and dismissed the bill at the complainant's costs. From this decree the latter appealed. Opinion states the facts.

*C. H. Causey,* for appellant.

*R. R. Prentiss,* for the appellee.

HINTON, J., delivered the opinion of the court.

The only question in this case is whether William N. Camp, the vendee, is entitled to an abatement of the purchase price of a farm bought by him from Sarah E. Norfleet, administratrix *c. t. a.*, &c., of Elisha Norfleet, for a deficiency of two hundred and ten acres of land out of an aggregate of 892 acres, which the farm sold was supposed to contain. If this was a sale in gross, why, of course, the vendee, Camp, must bear the consequences of his engagement, notwithstanding the deficiency is certainly very large, amounting to almost one-fourth of the whole number of acres which the farm was believed by both vendor and vendee to contain. For compensation has been often refused in cases where the deficiency was greater than it is in this case. In *Tucker* v. *Cocke*, 2 Rand. 51, the lands fell short more than two thousand acres of the quantity they were supposed to contain. In *Russell* v. *Keeran*, 8 Leigh, 9, the deficiency amounted to one hundred acres in a tract supposed to contain four hundred and five. And numerous other cases might be cited where the deficiency was nearly or quite as great, and yet the purchaser has been required to bear the loss, because they were contracts of hazard, in which the purchaser assumed the risk of any deficiency which might be found to exist. For, whilst such contracts are not favored, yet, when clearly established, they are always enforced. *Caldwell* v. *Craig*, 21 Gratt. 139; *Watson* v. *Hoy*, 28 Gratt. 698. But, as was said by Judge Tucker in *Keytons* v. *Branfords*, 5 Leigh, 39, " though such a contract of hazard is valid, it is not to be readily presumed unless it is clearly sustained by the facts," * * * and the courts " will take it that a contract is by the acre whenever it does not clearly appear that the land was sold *by the tract*, and not by the acre." And in *Watson* v. *Hoy, supra,* this court, citing *Blossing's*

*Adm'r* v. *Beatty,* 1 Rob. 287, said : "And where the parties contract for the payment of a gross sum for a tract or parcel of land upon an estimate of a given quantity, the presumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard. Now, applying these familiar principles to the case with which we are dealing, and bearing in mind the fact that a court of equity will not, as was said by Judge Pendleton in *Joliffe* v. *Hite,* 1 Call, 262, be bound by the expression 'more or less' contained in deeds, but will resort to the real contract to ascertain what was the intention of the parties," we think it very clear that the contract in this case cannot be regarded as one of hazard. Here it is admitted that all parties to the transaction supposed that there was 315 acres in one of the two tracts which went to make up the lands sold, and 577 acres in the other, and that both before and at the time of the execution of the deed that a diagram or plat marked "B" was shown the vendee, and referred to by both parties for the purpose of ascertaining the number of acres that were being sold; and we think it apparent from the whole evidence that Camp would never have made the purchase had he believed that there could possibly be any deficiency deserving mention. Under these circumstances, our conclusion is that the appellant (Camp) is entitled to an abatement out of the purchase money remaining due, for the deficiency, to be ascertained in accordance with the rule laid down by this court in *Yost* v. *Mallicote's Adm'r,* 77 Va. 610.

The decree appealed from must be reversed, the injunction reinstated, and the cause must be remanded for further proceedings, in accordance with the views herein expressed.

DECREE REVERSED.