## Wytheville.

MORGAN v. GLENDY AND ANOTHER.

AUGUST 8, 1895.

1. TRUSTEES—*Conveyance to Secure Creditors—Trustee a Creditor—Mort-gage—Sale by Trustee.*—A conveyance to trustees to secure creditors, amongst whom are the trustees themselves, is, in legal effect, a mortgage, and the regular course of procedure is to file a bill in equity for its foreclosure. If, however, the trustees proceed to sell under the deed and make conveyance, their grantee takes the legal title, and the transaction, after the lapse of nearly twenty years without objection by any person interested, will be upheld, if all the purchase money has been paid and fully accounted for, or if only a small proportion of the purchase money does not affirmatively appear to have been accounted for, and the rights of third parties have intervened, and the circumstances are such as to suggest only a mere possibility of the existence of an outstanding charge upon the land.

Appeal from a decree of the Circuit Court of Pulaski county, pronounced April 30, 1894, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Phlegar & Johnson* and *Gardner & Wharton,* for the appellant.

*I. H. Larew* and *J. C. Wysor,* for the appellees.

KEITH, P., delivered the opinion of the court.

J. W. Glendy conveyed to Joseph Morgan on the 25th day of March, 1891, a tract of land containing 300 acres, for $10,000, all of which has been paid except the last instalment for $3,000, due on the 31st day of August, 1893, which was secured by a deed of trust from Joseph Morgan to I. H. Larew, trustee. This land was originally owned by I. N. Naff and wife, who conveyed it to J. K. Miller and J. D. Noble, in trust, to sell at public auction and pay certain creditors of Naff, and to pay the balance, if any, to Naff and wife. On the face of the deed from Naff and wife it appears that "Cynthia M. Naff is seised in fee of more than one half of the real estate" therein conveyed, and that she agreed to unite with her husband, and in consideration thereof she was to be paid the sum of $2,500 out of the proceeds of sale. It was further agreed that J. K. Miller and J. D. Noble, who were themselves creditors, and the other persons whose names and seals are subscribed and set to said deed, should execute a release to Isaac N. Naff for the several debts secured to them. Miller and Noble advertised the land for sale, and J. K. Miller, one of the trustees, became the purchaser. Subsequently, in order to clear the title of the cloud occasioned by the purchase by the trustee at a sale made by himself, Miller and Noble conveyed to W. J. Glendy, who immediately re-conveyed to J. K. Miller, and Miller afterwards conveyed the land to J. W. Glendy, who, as before mentioned, conveyed to Morgan.

When the note for the deferred payment of $3,000 became due, the trustee, I. H. Larew, advertised the land for sale, and thereupon Morgan presented a bill for an injunction to the judge of the Circuit Court of Pulaski county, in which he sets out the title above recited, and alleges various defects therein, only two of which need be adverted to.

As has been seen, a part of this land was owned in fee by Mrs. Cynthia M. Naff, who united with her husband in the deed to Miller and Noble. That instrument, however, was ineffectual to pass the title out of her, because the acknowledgment thereto was taken by James H. Darst, as notary public, who was one of the creditors secured by the deed, and who executed it. Mrs. Naff, however, has since died, and a deed from her heirs at law, conveying whatever interest she may have had in this land to Joseph Morgan, is duly signed and acknowledged for recordation; and, when recorded, as it should be, (and at the cost of the appellees,) will, it is conceded, perfect the title in Morgan to the land therein conveyed. No further reference will be made to this branch of the case.

With respect to that portion of the land to which I. N. Naff had title in fee, and which was conveyed by his deed to Miller and Noble, the bill seeks to enjoin the sale upon the ground that it should not be sold by the trustee until the title of the complainant was perfected, and all clouds resting thereon had been removed. It is alleged that the deed from Naff and wife to Miller and Noble—they being creditors secured therein—was, in legal effect, a mortgage; and this, we think, is the proper construction to be placed upon it. Being a mortgage, the regular course of procedure would have been to file a bill in equity for its foreclosure. This, however, was not done, and the question before us is as to the legal effect to be attributed to what was, in point of fact, the course pursued by Miller and Noble. Without doubt, it has placed the legal title in their alienees, and the most that can be said is that it does not affirmatively appear that the whole of the last payment due by Miller upon the sale by himself and his co-trustee, at which he became the purchaser, has been paid over and received by those entitled. It does appear that the cash payment and the first deferred payment were pro-

perly disbursed.   It does appear that the greater part, indeed, we may say all, of the last payment has been properly disbursed, except about $250, with interest, due to Keffer, Howe, Boyd, Kirkwood, Preston, and John Jordan, for their proportion of the last payment.   With respect to the sums so due upon the last instalment of purchase money to the parties named, the record is silent.

The question, then, is, does this constitute such a cloud upon the title as requires the court to forbid the sale of the property for the payment of the purchase money due the vendor, until it has been removed ?

In *Koger* v. *Kane and others,* 5 Leigh 657, (and other cases might be cited to the same effect,) it is decided that a vendee in possession of land, under a conveyance with general warranty, may enjoin the collection of the purchase money on the ground of defect of title, if the title is questioned by a suit either prosecuted or threatened, or if the purchaser can show clearly that the title is defective.   The same result would follow an attempt to sell under a deed of trust under like circumstances.   We have here, then, all the conditions which warrant the interposition of a court, and in addition thereto the alleged insolvency of the grantor, provided it can be said, upon the proof exhibited in this record, that the purchaser has shown clearly that the title is defective.

Naff and wife parted with their title to Miller and Noble, trustees, in December, 1876, by a deed to secure certain creditors, who, in consideration of the security thus given, executed a release of the debts due them.

It appears from the record that the creditors knew of the sale made by the trustees, which took place on the 25th of August, 1877.   As we have seen, all of them received a part of the proceeds of said sale, and by far the greater part of them have joined in a deed of release.   A deed from I. N. Naff is filed, ratifying and confirming what was done by Mil-

ler and Noble in execution of the trust confided to them. The only apparent cloud, therefore, that obscures the title to the land which the trustee, I. H. Larew, offers for sale, is the possibility that the creditors, whose names have already been given, who have lain by for nearly twenty years with full knowledge of all their rights, with knowledge that this property had been conveyed for their benefit, that a sale of it had been made, and a part of the proceeds paid over to them, and who have, in the mean time permitted the rights of others to intervene, may at this late day successfully assert their stale demands. This conduct would, without explanation, constitute such *laches* as would defeat their recovery. It is, of course, possible that each, or, it may be, all of them, might satisfactorily account for their want of diligence, but it cannot be said that the purchaser, Morgan, to use the language of Judge Tucker, in *Beale* v. *Seiveley*, 8 Leigh, at page 675, placing himself in their shoes as superior claimants, can show a clear outstanding title or encumbrance in them. So far from establishing clearly an encumbrance in them, the proof adduced in this case shows the apprehension of the appellant as to the insufficiency of his title to be altogether shadowy and unsubstantial, and suggests, at the utmost, a mere possibility of the existence of an outstanding charge upon the land decreed to be sold.

We are of opinion that the decree of the Circuit Court is right, and that it should be affirmed.

*Affirmed.*