## Richmond.

### TEMPLE'S ADM'R *v.* WRIGHT AND ANOTHER.

March 18, 1897.

1. APPEALS—*Creditor secured by deed of trust.*—The creditor secured in a deed of trust is the party beneficially interested, and may appeal from a decree affecting his interest, although the trustee in the deed fails or refuses to appeal.

2. CONSTRUCTION OF WRITTEN INSTRUMENTS—*Construed as a whole—Deeds—Repugnant clauses—Case at bar.*—In construing a written instrument it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties whenever that is reasonably clear and free from doubt. The common law rule that the *habendum* clause of a deed must yield to the granting clause, in case of repugnance between the two, has no application except where the repugnance is such that the intention of the grantor cannot be determined with reasonable certainty from the whole instrument. In the case at bar it is reasonably clear from the whole deed that P. G. Wright took an estate for his life in the land granted, with remainder in fee to his son, Edward Wright. Although the grant was to the two in fee, it was immediately coupled with a provision, called a condition, that R. G. Wright was to have the "special use, benefit and profit for and during his natural life, and at his death to his son, Edward Wright," in fee.

Appeal from a decree of the Circuit Court of Brunswick county, pronounced August 20, 1894, in a suit in chancery wherein the appellees were the complainants, and the appellants and others were the defendants.

*Reversed.*

William H. Temple and wife conveyed a tract of land of about ninety-six acres, situate in Brunswick county, to R. G. Wright and Edward Wright, "to have and to hold the same with general warranty to them and their heirs forever."

Immediately following these words the deed continues "the condition of this deed is, that the said land is conveyed to the said R. G. Wright for his special use, benefit and profit, for and during his natural life, and at his death to his son, Edward Wright, to him and his heirs or assigns forever, with all the rights, privileges, and appurtenances thereto belonging or in anywise appertaining."

Subsequently Edward Wright conveyed the land, which the deed declared was "owned by R. G. Wright his life," to a trustee to secure a debt to William H. Temple. The trustee was about to advertise under this deed when the bill in the present suit was filed, in which it is claimed that, under a fair construction of the deed first above mentioned, R. G. Wright and Edward Wright were joint tenants in fee of the land, and that hence the deed of trust given by Edward. Wright only operated to convey an undivided half interest in the land, and praying that the deed of trust be declared void and of no effect in so far as it purports to create a lien or encumbrance on the other half. The Circuit Court took this view of the deed, and decreed accordingly. From this decree the present appeal was taken.

*R. Turnbull*, for the appllant.

*E. P. Buford*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The contention that this appeal should be dismissed because the trustee named in the deed of trust did not appeal is without merit. The appellant has the beneficial interest and is the party aggrieved by the decree complained of.

This appeal involves the construction of a deed dated December 14, 1881, from William H. Temple and wife to R. G. Wright and Edward Wright, which is, so far as necessary to be quoted, in these words: "That the said parties of the

first part for and in consideration of the sum of two hundred' dollars to them in hand paid, and receipt whereof is hereby acknowledged, does hereby grant and sell to the said parties of the second part the following described land (description), to have and to hold the same with general warranty to them and their heirs forever. The condition of this deed is, that the said land is conveyed to R. G. Wright for his special use, benefit, and profit, for and during his natural life, and at his death to his son Edward Wright, to him and his heirs, or assigns, forever, with all the rights, privileges, and appurtenances thereto belonging or in anywise appertaining.''

Every deed is supposed to express the intention of the parties, and however unusual the form may be, it is a primary and cardinal rule of construction, that effect must be given to .that intent whenever it is reasonably clear and free from doubt; and, in ascertaining the purpose and object of the parties, all parts of the deed must be taken and considered together, it being a rule of law too well settled to need citation of authority that, in the construction of any instrument, it must be construed as a whole.

In this view it would seem too plain to admit of dispute that the grantor in the deed in question intended to give R. G. Wright an estate for life, with remainder in fee to his son Edward Wright. It is, however, contended on behalf of the appellees, that the deed vests in the grantees joint estates in fee-simple; and that the portion of the deed which restricts this absolute conveyance of the fee-simple is repugnant to the granting part of the deed and therefore void. It is true that the grant is to both in fee, but it is connected immediately, without intervening terms, with language which shows that by the preceding grant the intention was that one should take only a life-estate, and the other the remainder in fee.

The technical common law rule relied on by appellees, that the *habendum* clause of a deed yields to the granting clause where there is a repugnance between the estate granted and

that limited in the *habendum*, which is a consequence of the rule that deeds are construed most strongly against the grantor, is supported by abundant authority. It is, however, not to be invoked as a rule of construction except in those cases where the repugnance is such that the intention of the grantor cannot be determined with reasonable certainty from the whole instrument, for where that intention can be ascertained it is controlling if no legal obstacle lies in the way. *Bassett* v. *Budlong*, 77 Mich. 338; *Fogarty* v. *Stack*, 86 Tenn. 610; *Bodine's Adm'r* v. *Arthur*, 91 Ky. 53; 34 Amer. St. R., note p. 164; and note to *Berridge* v. *Glassey*, 56 Amer. R. 324.

Chancellor Kent says that the *habendum* has degenerated into a mere useless form. 4 Kent Com. 468. Certainly with us it has practically fallen into disuse. In the case at bar the language relied on as an *habendum* cannot strictly be so considered. It is so connected with the premises that no judicial exposition severing the two clauses would be warranted. The latter clause beginning with the words "the condition of this deed," &c., &c., shows clearly that it was intended to explain and qualify the preceding grant and thus become a part of it, not repugnant thereto, but explanatory of the grant.

It follows from the construction given to the deed under consideration that the decree complained of must be reversed, the injunction granted the appellees dissolved, and their bill dismissed.

*Reversed.*