Syllabus.

## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

PACK AND WIFE v. WHITAKER AND OTHERS.

September 9, 1909.

1. EQUITY PLEADING—*Multifariousness—Deficiency in Land—Defective Title—Complete Relief*.—A bill is not multifarious which seeks redress for deficiency in land, and defect of title to part of the tract, where both demands arose out of the same contract and are so correlated that separate suits would be inconvenient and not afford complete redress. Moreover, jurisdiction to grant redress for the deficiency in quantity is clear, and equity, having acquired jurisdiction for this purpose, will retain the cause and do complete justice between the parties.

2. INJUNCTIONS—*Collection of Purchase Price of Land—Defective Title*.—Equity will enjoin the collection of the purchase money of land on the ground of defect of title, after a vendee has taken possession under a conveyance from his vendor with general warranty, if the title is questioned by a suit either prosecuted or threatened, or if the purchaser can show clearly that the title is defective.

3. DEEDS—*Construction—Conflicting Causes—Habendum—Case in Judgment—Omission of Name in Deed*.—Deeds should be read as a whole, and effect given, as far as possible, to the evident intention of the parties. If it appears from the whole instrument that there is a variance between the granting and the *habendum* clauses, the latter will prevail. In the case in judgment the name of one of the grantees was omitted from the *habendum* clause, but it is manifest that the omission was an oversight, and the instrument should be construed as if the name had been inserted in the *habendum* as well as the granting clause.

4. VENDOR AND PURCHASER—*Sale of Land—Whether in Gross or by the Acre*.—Where an agreement is entered into for the payment of a gross sum for a tract of land upon an estimate of a given number of acres, the presumption is that the quantity influenced the price to be paid, and that it is a sale by the acre and not in gross, unless the contrary is made to appear plainly. A sale of a given number of acres, "more or less," will be construed to be a sale

by the acre, unless it be clearly shown that a sale in gross was intended. While contracts of hazard are not invalid, they are not favored in courts of equity.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for the complainant. . Defendants appeal.

*Affirmed.*

The opinion states the case.

*Chapman & Gillespie* and *A.ˈS. Higginbotham,* for the appellants.

*Greever & Gillespie,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity by the appellees to injoin the appellants from collecting the last installment of purchase money of a tract of land situated in Tazewell county, Virginia, sold by them to the plaintiffs, and to recover of the defendants for a deficiency in quantity, and for a defect in title of the land sold.

The bill alleges that both the contract of sale and conveyance were for 50 acres of land, at $20 per acre; and that there was a deficiency in acreage, and a defect in title to part of the land.

The defendants demurred to the bill, and answered, insisting that the sale was not by the acre, but in gross, and that their recorded title advised the plaintiffs that they only had a life estate in a portion of the land. Subsequently the defendants filed a cross-bill seeking rescission of the contract, to which bill the plaintiffs demurred.

The depositions of witnesses were taken with respect to the circumstances attending the execution of the contract of sale. At

the hearing the court overruled the demurrer to the original bill, and denied the prayer of the cross-bill, and held that the sale was a sale by the acre and not in gross, and moreover, that the title of the defendants was in part defective. And having ascertained by survey the shortage in the land to be 15.3 acres, proceeded to determine and establish the amounts which the plaintiffs were entitled to recover by reason of deficiency in quantity and defect of title, and referred the case to a commissioner for certain accounts. Thereupon Pack and wife obtained an appeal to this court.

The grounds of demurrer relied on are that the bill is multifarious, in that it sets out two distinct causes of action, namely, deficiency in acreage and defect in the title to the land; that an eviction is not alleged, and therefore suit cannot be maintained for defect of title, and, if it could be, that the remedy is not in equity but at law to recover damages for breach of warranty; that the plaintiffs have a complete and adequate remedy at law; and, lastly, that the bill incorrectly construes the deed to part of the land, limiting the estate of the defendants to a life estate instead of a fee simple.

There is no merit in any of these grounds of demurrer. The bill, it is true, seeks redress for deficiency in land and defect of title, but both demands arose out of the same contract and are so correlated that separate suits would be inconvenient and would not afford complete redress. *School Board* v. *Farish,* 92 Va. 156, 23 S. E. 221; *Johnson* v. *Black,* 103 Va. 477, 49 S. E. 633, 106 Am. St. Rep. 890, 68 L. R. A. 264.

Nor can there be any question of the jurisdiction of equity in this class of cases. Our reports are replete with illustrations of that doctrine; and, upon familiar principles, equity having assumed jurisdiction for injunctive relief and to compel the vendors to make compensation for deficiency in quantity of the land, will retain it and do complete justice between the parties, and will not relegate the plaintiffs to a court of law to recover damages for breach of warranty of title.

In *Koger* v. *Kane's Admr.,* 5 Leigh 606, the principle is succinctly stated as follows: "Sale of Land—Defect of Title—Injunction Against Collection of Purchase Money. In Virginia, equity will enjoin the collection of the purchase money of land on the ground of defect of title, after vendee has taken possession, under conveyance from vendor with general warranty, if the title is questioned by a suit either prosecuted or threatened, or if the purchaser can show clearly that the title is defective."

In *Renick* v. *Renick,* 5 W. Va. 285, it is said: "In the case of *Clark* v. *Hargrave and Others,* 7 Gratt. 399, which in its main facts is like the case under review, relief was granted the vendee by abating from the purchase money the relative value of the part of the lands purchased, for which the vendor had not title. The vendee, in that case, was in possession of the land purchased, under a deed with covenants of general warranty, without other covenants, and alleged in his bill the defect in the title, as to a part of the land, and that the vendor was *'probably* in doubtful circumstances.' The bill was dismissed by the circuit court, on demurrer, but the court of appeals reversed the decree and held that the vendee was entitled to relief (although there was no threatened or impending suit or eviction), and was not bound in such a case of clear defect of title, to risk the hazard of his vendor's solvency." See also *Ralston* v. *Miller,* 3 Rand. 44, 15 Am. Dec. 704; *Morgan* v. *Glendy,* 92 Va. 80, 22 S. E. 854.

In *Boschen* v. *Jurgens,* 92 Va. 459, 24 S. E. 390, Keith, President, after citing a number of decisions by this court, observes: "These cases not only show that equity will take jurisdiction of this class of cases, upon the ground of mistake, but that every sale of real estate, where the quantity is referred to in the contract, and where the language of the contract does not plainly indicate that the sale was intended to be a sale in gross, must be presumed to be a sale by the acre; that while

contracts of hazard are not invalid, courts of equity do not regard them with favor."

We do not think that the ground of demurrer which questions the correctness of the construction placed in the bill upon the deed from Fleman Pack to the defendants is well taken. The deed "grants unto the said William Pack and Angeline Pack, with general warranty, all that certain tract of land . . . . . and it is further stipulated in this deed that the said William Pack shall have this land during their lifetime and at their death it shall be the property of their children to have and to hold."

The deed plainly shows that it was the purpose of the grantor to convey the land to William Pack and Angeline Pack for their lives, with remainder to their children, and read as a whole it is apparent that the names of Angeline Pack was inadvertently omitted from the latter clause. Unless the deed be so construed, the granting clause, so far as Angeline Pack is concerned, is meaningless. The two clauses, however, when read together, show that the omission of her name from the latter clause was the result of oversight. That clause was intended to read as follows: "It is further stipulated in this deed that the said William Pack and Angeline Pack shall have this land during their life." That was evidently the intention of the grantor, and the deed should be so interpreted. *Harman v. Howe,* 27 Gratt. 676; *Hutchings* v. *Commercial Bank,* 91 Va. 68, 20 S. E. 950; *Va. & Ky. Ry. Co.* v. *Heninger* (decided at the present term), *post* p. 301, 65 S. E. 495.

There is no repugnancy between the granting and the *habendum* clauses, since the former does not in terms grant a fee simple estate.

"The purpose of the *habendum* is to define the estate which the grantee is to take in the property conveyed, whether a fee, life estate, or other interest." Devlin on Deeds, sec. 213.

"If it appears from the whole instrument that it was intended by the *habendum* to restrict or enlarge the estate conveyed by

the words of the grant, the *habendum* clause will prevail." *Ib.,* sec. 214.

In the answer the defendants concede that they only took a life estate in part of the land conveyed.

We are of opinion that the lower court rightly overruled the demurrer to the bill.

On the principal question, whether the sale was by the acre or in gross, there is great conflict in the oral testimony, but both the written contract of sale and the conveyance describe the land as containing "50 acres more or less," and such language constitutes a sale by the acre, unless it plainly appears that a sale in gross was intended.

In *Triplett* v. *Allen,* 26 Gratt. 721, 21 Am. Rep. 320, it was held, where "the conveyance of the land, after giving the number of acres, adds the words 'more or less,' these words will not relieve the vendor or vendee, as the case may be, from the obligation to make compensation for an excess or deficiency, beyond what may be reasonably attributed to small errors from variation of instruments or otherwise, unless there be evidence to show that a contract of hazard was intended.". In that case 10 acres in a tract of 166 acres was said not to be covered by the phrase "more or less."

In *Epes* v. *Saunders,* 109 Va. 99, 63 S. E. 428, the leading decisions of this court on the subject are cited for the proposition that "Where an agreement is entered into for the payment of a gross sum for a tract of land upon an estimate of a given number of acres, there is a presumption that the quantity influences the price to be paid, and that it is a sale by the acre and not a sale in gross, unless the contract plainly indicates that it is a sale in gross; and this presumption can only be overcome by clear and cogent proof."

Upon the facts in the case, the circuit court could not have reached any other conclusion than that the sale was a sale by the acre and not in gross; and, having determined that the

plaintiffs were entitled to the relief prayed for, the prayer of the cross-bill for rescission was necessarily denied.

Upon the whole case, the decree under review is without error and must be affirmed.

*Affirmed.*