## Wytheville

### CULPEPER NATIONAL BANK AND OTHERS v. WRENN AND OTHERS.

#### June 12, 1913.

1. DEEDS—*Construction—Intention—Deed to Be Read as a Whole.*— In construing a deed or other written instrument the object is to .ascertain the meaning of the parties as expressed in the instrument, and, in ascertaining the purpose and object of the parties, all parts of the instrument must be taken and considered together, and, no matter what the form of the instrument may be, effect must be given to the intent whenever it is clear and free from doubt.

2. DEEDS—*Construction—Granting and Habendum Clauses—Conflict.*— Under the technical common law rule, the habendum clause of a deed yields to the granting clause where there is a repugnance between the estate granted and that limited in the habendum, but this rule has no application where the intention can be ascertained with reasonable certainty from the whole instrument, and no legal obstacle lies in the way of giving effect to such intention.

3. DEEDS—*Construction—Case in Judgment—Fee-Simple—Trusts and Trustees.*—Under a deed conveying land to a trustee for the sole and separate use of W. (a married woman) "during her lifetime and at her death in trust for her children," followed by ·a provision that "if at any time the said W. shall convey the whole or any part of the said land by deed duly executed according to the laws of Virginia, then the trustee shall thereafter hold the same in trust for such person or persons as may be appointed and directed by such deed or deeds," W. takes a fee-simple estate. The deed is practically a conveyance in trust to W. for life with remainder to her children, unless she should convey the land, and then in trust for such person or persons as she may appoint or direct by such deed or deeds.

Appeal from a decree of the Circuit Court of Culpeper county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Iliden & Thurlow, Gibson & Nottingham* and *Waite, Perry & Jeffries,* for the appellants.

*Grimsley & Miller,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This suit was brought by the appellants to enforce the lien of their judgments against a tract of land alleged to be owned by their debtor, N. J. Taylor. In the progress of the suit the title of the debtor to the property sought to be subjected was questioned, and thereupon an amended bill was filed making the adverse claimants parties defendant. Upon final hearing the circuit court entered a decree holding that N. J. Taylor, the judgment debtor, only owned an estate in the land for the life of Sarah E. Wrenn, and that upon her death the fee simple passed to her children, named as defendants in the amended bill. From that decree this appeal was taken.

The record shows that Isaac Brimmer died some time prior to the year 1868, leaving considerable real estate in the county of Culpeper, and two daughters, Eliza Anne Edwards and Sarah E. Wrenn, as his only heirs at law. By deed dated June 29, 1869, these two sisters partitioned this landed inheritance between them, each of them, together with the husband of Sarah E. Wrenn, uniting in the partition deed. About ten days after this partition deed was executed, Sarah E. Wrenn, her husband uniting, conveyed with general warranty of title one hundred and two acres of the land held by her under such deed to James and Sarah E. Michener, describing it as land which descended to her from her father; and on July 23, 1873, she and her husband conveyed with general warranty of title

a further tract of one hundred and thirty-seven acres of such land to William H. Payne, as trustee to secure to Samuel B. Worseley $1,500 loaned by him to the grantors, describing the land conveyed as derived from Mrs. Wrenn's father. This tract of one hundred and thirty-seven acres of land was subsequently sold under the trust deed and bought by the creditor, S. B. Worseley, who sold and conveyed the same to N. J. Taylor, and is the land which the appellants now seek to subject in his hands to the satisfaction of their judgments.

The question presented by this appeal involves the proper construction of the deed of partition, dated June 29, 1869, between Sarah E. Wrenn and her sister, Eliza A. Edwards. That deed conveys the land in question to Daniel A. Grimsley in trust "for the sole, separate and exclusive use of Sarah E. Wrenn during her life time, and at her death in trust for her children." The concluding paragraph of the deed, after the metes and bounds are given, is as follows: "And if at any time the said Sarah E. Wrenn shall convey the whole or any part of the said land by deed duly executed according to the laws of Virginia, then the said Daniel A. Grimsley shall thereafter hold the same in trust for such person or persons as may be appointed and directed by such deed or deeds."

In *Temple* v. *Wright,* 94 Va. 338, 26 S. E. 844, it is said: "Every deed is supposed to express the intention of the parties, and however unusual the form may be, it is a primary and cardinal rule of construction, that effect must be given to that intent whenever it is reasonably clear and free from doubt; and in ascertaining the purpose and object of the parties, all parts of the deed must be taken and considered together, it being a rule of law too well settled to need citation of authority that in the construction of any instrument it must be construed as a whole."

This statement of the law has been frequently repeated

by this court, its latest expression on the subject being found in the case of *Morris* v. *Bernard,* 114 Va. 630, 77 S. E. 458, decided March 13, 1913.

When the deed under consideration is read as a whole, it seems to be clear that in conveying her lands to a trustee the grantor, Mrs. Wrenn, intended to reserve to herself the full and complete power of disposing of the same at her will and pleasure, thus vesting in herself a fee simple estate.

It is, however, contended on behalf of the appellees that the granting clause of the deed conveyed to Mrs. Wrenn only a life estate with remainder to her children, which cannot be taken away by any subsequent provision of the deed.

There is no question as to the technical common law rule relied on by appellees, that the habendum clause of a deed yields to the granting clause where there is a repugnance between the estate granted and that limited in the habendum. That rule has, however, practically become obsolete; it certainly has no application where the intention can be ascertained with reasonable certainty from the whole instrument, and no legal obstacle lies in the way of giving effect to such intention. *Temple* v. *Wright, supra.*

In *Pack* v. *Whitaker,* 110 Va. 122, 65 S. E. 496, it is said, citing Devlin on Deeds: "The purpose of the habendum is to define the estate which the grantee is to take in the property conveyed, whether a fee, life estate, or other interest." Further citing the same author, it is said: "If it appears from the whole instrument that it was intended by the habendum to restrict or enlarge the estate conveyed by the words of the grant, the habendum clause will prevail."

Applying these well settled rules of construction to the deed under consideration, it cannot be doubted that when Mrs. Wrenn exercised her unquestioned right to dispose of

the property, she conveyed to her grantee a fee simple title. The deed is practically a conveyance in trust to Mrs. Wrenn for life with remainder to her children, unless she should convey the land, and then in trust for such person or persons as she may appoint or direct by such deed or deeds. This language cannot properly be construed otherwise than as giving Mrs. Wrenn a fee in the land passing by the deed. The decree appealed from entirely ignores the clear and explicit intention expressed in the last or habendum clause of the deed and gives effect alone to the granting clause, whereas, as already seen, the purpose of the habendum is to define the estate which the grantee is to take, and must prevail if it appears from the whole instrument that it was intended by the habendum to restrict the estate conveyed by the words of the grant.

It follows from the construction given to the partition deed of June 1869, that N. J. Taylor, the judgment debtor, who holds under Sarah E. Wrenn, has a fee simple title to the land sought to be subjected by the appellants.

The decree appealed from must, therefore, be reversed and the cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*