# DULIN *v.* SHARP.*

VENDOR AND VENDEE; DEEDS; CONSIDERATION; ABATEMENT OF PURCHASE PRICE.

1. A deed of land supplements a prior contract to sell the land, and will be treated as the final agreement between the parties as to the quantity of land intended to be sold.
2. In a suit in this District seeking an abatement of the purchase price of a farm in Virginia purchased of the defendant, because of a shortage in the number of acres called for in the deed, the deed must be interpreted according to the laws of Virginia.
3. Where the vendor of land purchased for $15,000 had represented to the vendee that the tract contained 500 acres, and had taken him upon the land and shown him the boundaries, and the deed called for that number of acres, more or less, but it appears that the tract contains only 422 acres, equity will extend relief to the vendee by

---

*Deeds—Deficiency—Abatement from Price.*—For cases passing upon abatement from price because of deficiency in quantity under grant of coal in place, see note to *Light* v. *Grant,* 51 L.R.A.(N.S.) 792; as to right of purchaser of land at judicial sale to abatement of purchase price for deficiency in quantity, see note to *Singleton* v. *Castleman,* 28 L.R.A.(N.S.) 393. *False Representations as to Quantity of Land*—For cases passing upon the right of a purchaser of land to rely upon representation of seller as to boundaries, see note to *Selby* v. *Watson,* 14 L.R.A.(N.S.) 1210; as to whether fraudulent representation by vendor as to area within boundaries correctly pointed out is actionable, see note to *Mabardy* v. *McHugh,* 23 L.R.A.(N.S.) 487; and as to whether fraudulent representation by vendor of extent or proportion of land of particular kind included within the tract sold is actionable where purchaser inspects the land, see note to *Best* v. *Offield,* 30 L.R.A.(N.S.) 55.

decreeing an abatement of the purchase price for the shortage of 78
acres at $30 an acre, or $2,340.

No. 2784.   Submitted April 28, 1915.   Decided May 10, 1915.

HEARING on an appeal by the defendant from a decree of the
Supreme Court of the District of Columbia granting the relief
sought in a bill in equity to require the defendant to make an
abatement of the purchase price of land because of a shortage
in the number of acres called for in the deed.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, James Sharp, plaintiff below, filed a bill in equity
in the supreme court of the District of Columbia seeking an
abatement on the purchase price of a farm purchased from ap-
pellant, Mary E. Dulin, because of a shortage in the number
of acres called for in the deed.

It appears that in May, 1911, defendant conveyed to plain-
tiff a farm in Virginia described in the deed as follows: "All
that certain tract or parcel of land, with all improvements
thereon and all of the appurtenances thereunto belonging or in
any wise appertaining, situated in Brentsville magisterial dis-
trict, Prince William county, Virginia, on the road leading
from Bristow to Greenwich, and bounded by the Greenwich
and Brentsville road, the lands of Michael House, George Hun-
ton, and Samuel Simpson and Broad Run, containing 500 acres,
more or less." The consideration in the deed was $15,000, of
which $5,000 was paid in cash and the balance in deferred pay-
ments.

After plaintiff entered into possession of the land and made
considerable improvements thereon, he caused a survey to be
made, which disclosed a shortage of over 100 acres. Not satis-
fied with the accuracy of this survey, he had another made,
which showed that the farm contained 422 acres, which was 78
acres short of the amount called for in the deed. The court
below decreed an abatement of the purchase price for 78 acres

at $30 per acre, or $2,340. From the decree defendant has appealed.

Mr. *Michael J. Colbert* and Mr. *Charles C. Lancaster,* for the appellant, in their brief, cited: 20 Am. & Eng. Enc. Law, 2d ed. 813–815, 831; *Caldwell* v. *Craig,* 21 Gratt. 132; *Crislip* v. *Cain,* 19 W. Va. 438; *Crowder* v. *Langdon,* 38 N. C. 476; *Cunningham* v. *Miller,* 82 Va. 526; *Delta Co.* v. *County Commissioners,* 17 Colo. 41; *Eastman* v. *Water Power Co.* 24 Minn. 437; *Emerson* v. *Stratton,* 107 Va. 303; *Farrier* v. *Reynolds,* 88 Va. 141; *Fritz* v. *Fritz,* 94 Minn. 264; *Graham* v. *Larmer,* 87 Va. 222; *Grymes* v. *Sanders,* 93 U. S. 55; *Hall* v. *Mayhew,* 15 Md. 551; *Jackson* v. *Magbee,* 21 Fla. 622; *Jones* v. *Tatum,* 19 Gratt. 720; *Kenton* v. *Bradford,* 5 Leigh, 47; Kerr, Mistake; *King* v. *Brown,* 54 Ind. 368; *Max Meadow Land & Improv. Co.* v. *Brady,* 92 Va. 76–80; *McDonnell* v. *Milholland,* 48 Md. 545; *Lewman* v. *Kay,* 67 W. Va. 98; *Northwestern M. L. Ins. Co.* v. *Nelson,* 103 U. S. 549; *Orr & Litton* v. *Goodloe,* 93 Va. 263; *Pendleton* v. *Stewart,* 5 Call (Va.) 1; *Russell* v. *Keeran,* 8 Leigh. 9; 1 Story, Eq. Juris. § 150; *Sappiris* v. *Goldberg,* 192 U. S. 232; *Sawyer* v. *Hovey,* 3 Allen, 331; *Stellheimer* v. *Killip,* 75 N. Y. 282; *Stiles* v. *Willis,* 66 Md. 552; *So. Development Co.* v. *Silva,* 125 U. S. 247; *Trinkee* v. *Jackson,* 86 Va. 238; *Tucker* v. *Cocke,* 2 Rand. (Va.) 51; *Turner* v. *Kelly,* 70 Ala. 85; *Van Horn* v. *O'Connor,* 42 Wash. 513; *Ward* v. *Moore,* 60 W. Va. 615; *Wells* v. *Lagorio,* 112 Va. 522; *Whittaker* v. *S. W. Va. Imp. Co.* 34 W. Va. 221; *Wilson* v. *Western N. C. Land Co.* 77 N. C. 445.

Mr. *E. Hilton Jackson* and Mr. *Robert H. Turner,* for the appellee, in their brief, cited: *Benson* v. *Humphreys,* 75 Va. 303, 307; *Berry* v. *Fishburne,* 104 Va. 459; *Blessing* v. *Beatty,* 1 Rob. 287, 289; *Boschen* v. *Jurgens,* 92 Va. 756; *Brine* v. *Insurance Co.* 96 U. S. 627; *Caldwell* v. *Craig,* 21 Gratt. 132; *Emerson* v. *Stratton,* 107 Va. 303, 307; *Farrier* v. *Reynolds,* 88 Va. 141; *Gallagher* v. *Hastings,* 21 App. D. C. 87, 88; *Garrett* v. *Goff,* 61 W. Va. 221; *Hull* v. *Walls,* 95 Va. 10; *Hundley*

v. *Lyons,* 5 Munf. 342; *Hurt* v. *Staull,* 3 Md. Ch. 2428; *Jones* v. *Tatum,* 19 Gratt. 726; *Keyton* v. *Brawfords,* 5 Leigh, 39, 48; *McCloon* v. *Scales,* 9 Wall. 23; *Massie* v. *Watts,* 6 Cranch, 148; *Moore* v. *Jaeger,* 2 MacArth. 465; *Pack* v. *Whitaker,* 110 Va. 122, 124; *Pendleton* v. *Stewart,* 5 Call, 6; *Penn* v. *Lord Baltimore,* 1 Ves. Sr. 444; *Quesnal* v. *Woodlief,* 6 Call. 218; *Roger* v. *Kane,* 5 Leigh, 606; *Russell* v. *Keeran,* 8 Leigh, 9; *Smallwood* v. *Hatton,* 4 Mc. Ch. 95; *Sergeant* v. *Linkous,* 83 Va. 664; *Trinkle* v. *Jackson,* 86 Va. 238; *Tucker* v. *Cocke,* 2 Rand (Va.) 51; *Watson* v. *Hoy,* 28 Gratt. 696; *Yost* v. *Mallicote,* 77 Va. 201.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are satisfied with the findings of fact by the court below, both that a shortage exists and that plaintiff was led to purchase the farm in the belief and upon the representation that it contained 500 acres. In fact, it is conceded in the answer that it was generally understood in the community that the farm contained 500 acres. The contract of sale called for 509 acres, more or less, but the deed supplemented that contract, and must be treated as the final agreement between the parties. With this defendant cannot complain, since the shortage is less according to the deed than the contract. Besides, the number of acres mentioned in the deed conforms to the number of acres the farm was reputed to contain.

The deed must be interpreted according to the law of Virginia. In *Benson* v. *Humphreys,* 75 Va. 198, the rules of construction applicable to conveyances of this sort are stated as follows: "*First.* Every sale of real estate where the quantity is referred to in the contract, and where the language of the contract does not *plainly* indicate that the sale was intended to be a sale *in gross,* must be presumed to be a sale *per acre. Second.* The language 'more or less,' used in contracts for sale of land, must be understood to apply only to small excesses or deficiencies, attributable to variations of instruments of surveyors, etc. When these terms are used it rather repels the idea

of a contract of hazard, and implies that there is no consider-able difference in quantity. *Third.* While contracts of hazard are not *invalid,* courts of equity do not regard them with favor. The presumption is against them, and while such presumption may be repelled, it can only be effectually done by clear and co-gent proof. *Fourth.* The burthen of proof is always upon the party asserting a contract of hazard; for the presumption always being in favor of a sale per acre, a sale in gross, or contract of hazard, must be *clearly established by the facts. Fifth.* Where the parties contract for the payment of *a gross sum* for a tract or parcel of land upon the estimate of a given quantity, the pre-sumption is that the quantity influences the price to be paid, and that the agreement is not one of hazard. *Sixth.* Whether it be a contract in gross or for a specific quantity depends, of course, upon the intention of the contracting parties, to be gathered from the terms of the contract and all the facts and circumstances connected with it. But in interpreting such contracts the court, not favoring contracts of hazard, will always construe the same to be contracts of sale *per acre,* wherever *it does not clearly ap-pear* that the land was sold by *the tract,* and not by *the acre."* This rule of interpretation is also sustained in *Watson* v. *Hoy,* 28 Gratt. 698; *Camp* v. *Norfleet,* 83 Va. 380, 5 S. E. 374.

While it is true that plaintiff visited the land before mak-ing the purchase, and the lines were pointed out to him in a general way, the evidence is convincing that defendant repre-sented to plaintiff that the farm contained 500 acres, and on this basis the price was fixed at $30 per acre, or $15,000 for the 500 acres. If there was doubt on this point, the doubt would be resolved in favor of a sale by the acre. *Pack* v. *Whitaker,* 110 Va. 122, 65 S. E. 496. But independent of the decisions of the Virginia courts, the great weight of authority is to the effect that where the vendor represents to the vendee that a tract contains a given number of acres, the vendee may rely upon the representation, and where the sale is of a given num-ber of acres, more or less, and the shortage is so great as to in-dicate a mutual mistake, equity will extend relief. The rule is the same where the vendee is taken upon the premises and

shown the boundaries. *Quarg* v. *Scher,* 136 Cal. 406, 69 Pac. 96; *Lovejoy* v. *Isbell,* 73 Conn. 368, 47 Atl. 682; *Esles* v. *Odom,* 91 Ga. 600, 18 S. E. 355; *Antle* v. *Sexton,* 137 Ill. 410, 27 N. E. 691; *Ledbeter* v. *Davis,* 121 Ind. 119, 22 N. E. 744; *Speed* v. *Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Boggs* v. *Bush,* 137 Ky. 95, 122 S. W. 220; *Starkweather* v. *Benjamin,* 32 Mich. 305; *Judd* v. *Walker,* 114 Mo. App. 128, 89 S. W. 558; *Paine* v. *Upton,* 87 N. Y. 327, 41 Am. Rep. 371; *Cawston* v. *Sturgis,* 29 Or. 331, 43 Pac. 656; *Rich* v. *Scales,* 116 Tenn. 57, 91 S. W. 50.

The decree is affirmed with costs. *Affirmed.*