## CIRCUIT COURT OF CLARKE COUNTY

Beatrice M. Lemarr et al., Ex'rs

v.

Erma L. Dyke

August 25, 1969

BY JUDGE ROBERT K. WOLTZ

The plaintiffs, Executors of James G. Dyke, filed their bill against his widow, Erma L. Dyke, for construction of a deed to certain realty to determine whether such deed to the decedent and the defendant created a tenancy in common, in which event one half of the realty would form a part of decedent's estate, or a tenancy by entireties, in which event by operation of the deed, the defendant would be the sole owner of the realty.

In 1962 Eichner et vir conveyed a lot with improvements in Clarke County to decedent and defendant, they being husband and wife at the time. The essential portions of the deed were that the grantors did "grant, sell and convey with general warranty of title unto James G. Dyke and Erma L. Dyke, his wife, parties of the second part, jointly, their heirs and assigns forever . . ." followed by a description of the subject property, which description was in turn succeeded by the following *habendum*: "To have and to hold said real estate above described, together with all improvements and appurtenances thereto belonging, or in any wise appertaining as an estate by the entirety unto the said James G. Dyke and Erma L. Dyke, his wife, as joint tenants, their heirs and assigns forever." The remainder of the deed contained the usual covenants, the signatures and seals of the grantors, and the acknowledgments thereof.

Counsel with commendable industry have submitted memoranda citing numerous authorities, principally on the rules of deed construction and with particular reference to conflicts between the premises or granting clause and the *habendum* clause. Many of these citations concern construction of deeds for the purpose of determining the estates

granted thereby with regard to their duration or extent, and specifically in most instances as to whether a freehold estate was an estate of inheritance, that is, some form of fee simple estate, or a life estate. The usual situation involved in these decisions is whether a fee simple granted in the premises is or can be cut down or limited to a lesser estate by the *habendum*.

*Culpeper National Bank v. Wrenn*, 115 Va. 55, 78 S.E. 620 (1913), sets forth the general principle for construction in such instances, stating that the object is to ascertain the meaning of the parties as expressed in the instrument, that all parts must be considered together and effect given to the intent where it is clearly discernible. It recognizes the technical common law rule that the *habendum* clause yields to the granting clause where there is a repugnance between the estate granted and that limited by the *habendum*. But it further says that the technical rule does not apply where intention can be gathered with reasonable certainty from the whole instrument and no legal obstacle lies in the way of effecting such intention, further saying that the technical common law rule has become practically obsolete. The reason for its obsolescence is perhaps indicated by *Humphrey v. Foster*, 13 Gratt. (54 Va.) 653 (1857), which points out at common law a grant was construed as a life estate unless the word "heirs" was used, but in Virginia by statute as early as 1785, this requirement was done away with. The statute provided in effect that though words formerly necessary to transfer an estate of inheritance were not used, an estate would be deemed a fee simple if a less estate was not limited by express words. The present form of that early act is found in § 55–11 of the Code; see also § 55–49.

Cases on that point, however, are, strictly speaking, not involved for two reasons. First, they deal with deed construction to determine an estate with regard to its duration or extent. There are three viewpoints from which an estate may be considered: (1) with regard to their duration or extent, that is, generally, whether the estate is freehold or not, and, if freehold, whether of inheritance or not; (2) with regard to the time when the beneficial enjoyment of the property is to commence, that is whether the estate is present or future; and finally (3) with regard to the number of the tenants or possessors involved with the estate and their connection to it. 28 Am. Jur. 2d, *Estates*, § 2, citing 2 Blackstone's Commentaries 103. The construction necessitated in this case is with regard to the number and *connection* of the tenants or

possessors. The second reason cases cited involving repugnance between granting and *habendum* clauses are not particularly applicable is that construction of the Dyke deed is in the main dependent on construction of two statutes, § 55–20 and § 55–21 of the Code.

At common law, estates, whatever their duration or extent and their time of commencement, might be classified with regard to the number and connection of the tenants or possessors as follows: (1) in severalty, that is where there was a sole tenants; (2) joint tenancy, in which two or more persons held under the four unities of interest, time, title, and possession; (3) in coparcenary, where lands of inheritance had descended to two or more persons; (4) in common, in which an estate was held by several and distinct title but by unity of possession; and (5) by the entirety, in which the estate had been conveyed to husband and wife with the same unities as for joint tenancies, plus the fifth unity of person, arising from the common law fiction that husband and wife were one, 28 Am. Jur. 2d, *Estates*, § 2. Joint tenancies and those by the entirety by definition carried the element of survivorship and the inseparability of the interests involved, the seisin being *per tout et non per my.*

In addition to the 1785 enactment referred to above, among the statutory inroads upon the common law of real property in the early days of the Commonwealth was an attack on the right of survivorship, an act of 1787 abolishing survivorship as between joint tenants, but which statute was held not to apply to tenancies by the entireties, which continued as a common law until 1850 when survivorship between husband and wife as to estates of inheritance only was abolished. Then in 1888 the tenancy by entireties itself was abolished, except where the deed or will manifested an intent that it should continue. *Allen v. Parkey*, 154 Va. 739, 149 S.E. 615 (1929). These earlier enactments find their present embodiment in § 55–20 and § 55–21. The former, insofar as it relates to estates by entirety, provides, "And if hereafter any estate, real or personal, be conveyed or devised to a husband and wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance." The effect of this is to destroy tenancies by the entirety and convert them into tenancies in common. But universal obliteration of the incident of survivorship in estates by the entirety is avoided by § 55–21 which is in the nature of a saving clause of § 55–20: "The preceding section (§ 55–20) shall not apply . . . to an estate conveyed

or devised to persons in their own right *when it manifestly appears from the tenor of the instrument* that it was intended the part of the one dying should then belong to the others . . . ." (Emphasis added.)

In the case at bar, at common law the granting clause would, with regard to the number and connection of the tenants, create an estate by the entirety, and upon the death of the male grantee, his widow, the defendant, would survive to the whole and entire interest in the estate. But by statute, this type of tenancy has been destroyed and converted into one in common, unless further by statute, such first statutory sanction against estates by the entirety is saved by a manifest intention, appearing from the instrument, that the incident of survivorship should attach to the estate granted. Counsel for the complainant has cited cases holding that the deed must be construed from its four corners and that parol evidence is not admissible, and defense counsel apparently admits this as he does not argue it in his memorandum. This certainly is the law except in cases of latent ambiguity. But even without this rule, parol evidence would still not be admissible to show the intent of the parties in this suit by virtue of the statute itself which states that the intent as to survivorship must appear from the instrument itself. Such intent does not appear from the granting clause. By virtue of § 55–20, the estate created is a tenancy in common. The only other language in the deed which could be a modification is in the *habendum* providing that the grantees are to have and to hold the realty "as an estate by the entirety." But that language is description of a common law estate which has been abolished by § 55–20, though the survivorship incident of such estate can be preserved if the requirements of § 55–21 are met.

The *habendum* does no more than mention a statutorily abolished estate; it does not in terms describe that estate intended as being that one which existed at common law; it does not specifically mention the term survivorship or right of survivorship between the grantees; it does not say "the part of the one dying should then belong to the other[s]" *in haec verba* or in other descriptive words of like import. As a matter of conveyancing practice, it is not unusual that all three of these elements be expressly set forth in the instrument.

The *habendum* in this deed raises the question or the possibility that the incident of survivorship was intended to attach to this estate; it may intrigue the mind as to whether the parties may not have intended such incident to attach. But it goes no further. The instrument, in

response to statutory demands, fails to make it *manifestly appear* that the survivor of these two grantees should thereby succeed to the whole estate. The deed, therefore, creates a tenancy in common with all the incidents thereof, including the devolution of the undivided interest of the deceased co-tenant to his heirs at law or his devisees, as the case may be.