## CIRCUIT COURT OF THE CITY OF RICHMOND

William S. Ward, Jr., et al.

v.

George B. Little, Trustee

v.

Robert L. Freed, et al.

February 18, 1994

Case No. N-4296–1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the settlor of a trust and the named beneficiaries have all joined in an amended petition against the trustee and a "co-trustee" seeking to remove them on three grounds.

First, they allege the trustee and "co-trustee" are uncooperative between them, that they have irresolvable differences, and that friction exists between the trustee and the beneficiaries. Second, they allege that trustee, George B. Little, has refused to invade the principal of the trust under authority of the trust instrument for the purpose of paying past-due medical bills of one of the beneficiaries, William S. Ward, Sr. Third, they allege that Little and the co-trustee have not provided an accounting. The Court is using the term "co-trustee" advisedly because central to the resolution of the case is the issue of whether the settlor of the trust can name a co-trustee after the trust has been funded and administered by Little, the originally-named trustee. After an ore tenus hearing, the Court took the matter under advisement.[1]

---

[1] After the hearing on the Amended Petition in November, 1993, one of the beneficiaries, William S. Ward, Sr., died in December, 1993. The parties thereafter jointly moved the Court to defer any decision pending renewed settlement discussions. Both parties have since notified the Court that their differences cannot be resolved and have asked the Court to issue a ruling. By letter dated February 4, 1994, counsel for

In 1976 Beverly Lewis Ward, the trust settlor, after consultation and advice with her then attorney, Little, established the trust as an estate plan. The trust agreement in Article Seven provides that the trust is irrevocable and cannot be amended or altered. When the agreement was executed in 1976, it contained a blank space for naming a co-trustee. After the trust had been administered by Little for nearly ten years, in 1986, Mrs. Ward consulted with Robert L. Freed, an attorney, concerning her dissatisfaction with Little as trustee. Mrs. Ward's dissatisfaction is now and has been a lack of trust in Little, which she acknowledges existed even when she set up the trust. When she consulted with Freed, Mrs. Ward knew the trust was due to receive stock dividends which she did not want Little to have as trustee. Freed, after studying the situation, advised Mrs. Ward she was free to name a co-trustee in the blank space originally provided in the trust instrument. Mrs. Ward chose Freed. Freed thereafter set up an account for the purpose of holding trust monies without telling Little he had been designated co-trustee. Over a period of roughly three years thereafter until 1990, Freed received periodic dividend distributions from Little Oil Co., Inc., stock, the trust corpus, without Little's knowledge. When Little found out about Freed, he immediately demanded that Freed turn over all trust assets then in his hands. Freed refused.

Before the demand and before Little knew that Freed has been named "co-trustee," this case was filed in 1986 by the present petitioners with Freed as their counsel. The request then was to terminate the trust. Little had earlier refused to agree to terminate. Termination was sought to allow Little Oil Co., Inc., to be in position to elect sub-chapter S treatment under federal tax laws. Since that initial filing, the parties have negotiated from time to time on the matter of whether one of several suggested banks would take over as trustee in Little's stead. These negotiations have occurred over several years up until now without satisfactory resolution. As mentioned, during part of these times, Little did not know Freed was acting as named co-trustee. In the meantime, the sub-chapter S issue has become moot because of other developments. Now the case is pending on an amended petition whereby the petitioners seek Little and Freed's, and especially Little's, removal and the appointment of a new trustee.

---

Little asked that the Court not decide the outcome pending the filing of a brief within ten days. No brief has been filed, ten days have passed, and this letter is the Court's ruling.

Of the three grounds listed, only the first is determinative. As to the third ground regarding accountings, while Little has not given an accounting until recently, he was not asked to until May, 1993. Little did furnish an accounting in November, 1993. The Court will not consider this as a basis for relief prayed for in the Amended Petition because the fact of giving an accounting has been met.[2] Any judgment about the adequacy of the accounting will not be considered here.

The second ground, the matter of invading principal to pay past-due medical bills of William Ward, Sr., has no merit. The reasons for Little's refusal mentioned in the record were proper as within the discretionary limits under the authority provided in the trust. Again, the question is whether we have one trustee or two trustees.

The parties have not cited and the Court cannot find any case involving a trustor completing a trust instrument by filling in a blank space with the name of a trustee after the initial execution. Little contends that Mrs. Ward could not name Freed because the trust was complete when it was funded by the transfer of stock in 1976, and naming Freed ten years later is a modification and alteration which Article Seven of the trust prohibits. Article Seven provides:

> This trust is irrevocable and the Grantor does hereby expressly relinquish all right, whether acting individually or in conjunction with others, to alter, amend, revoke, or terminate this Agreement, but the Grantor expressly reserves the right to add additional property acceptable to the Trustee of any nature whatsoever to the principal of this trust.

Little also contends that the trust cannot be modified by appointing a new trustee because the power to do so was not reserved to the grantor in the trust agreement. Finally, Little argues that there can be no modification of the trust because by the trust terms, the grantor's "husband" and "children" are contingent beneficiaries. Under the terms of the trust, income distributes to Mrs. Ward's "children" during her life and, after her death, to her "husband" and "children." Little argues that Mrs. Ward's "husband" cannot be determined until her death, and her "children" is an open, yet unascertained, class of beneficiaries. Thus, he argues, the Court is without power to modify the trust by substitut-

---

[2] While the petitioners pray for an accounting from Freed as well, there was no evidence of any such request made of him. The Court considers this abandoned.

ing a trustee because the consent of these is impossible. The Court rejects all of Little's arguments and is prepared to grant the relief prayed for by removing Little and Freed and appointing a new trustee.

The settlor, by terms of the trust instrument, may reserve to herself the power to modify or alter the trust with reference to the details of administration of the trust. Bogert, *Trusts and Trustees* (2d ed. 1983), § 993. *See, e.g., Guaranty Trust Co. of New York v. Howe*, 86 N.Y.S.2d 808 (1948) (fact that trust is expressly made irrevocable does not prevent settlor from asserting power in himself or others to change the beneficiaries). The ways in which the power may be used to alter or modify the trust is determined by the language of the instrument, which may provide for alterations by described methods only, or may be general and without qualification). *See, e.g., Culpeper National Bank v. Wrenn*, 115 Va. 55, 78 S.E. 620 (1913) (power to change beneficiaries); *Riddle v. Cutter*, 49 Iowa 547 (1878) (power to modify terms of appointment of permanent trustee).

It is clear that when the trust instrument was prepared and offered to Mrs. Ward for execution, she intended to appoint a second trustee. Little acknowledges this and even said he tried to get Mrs. Ward to supply the additional name. Indeed, as the drafter of the trust agreement and as Ward's lawyer, Little knew full well of her wishes. According to the evidence, Mrs. Ward, while not trustful of Little at the outset, had increasing doubts when she learned that stock dividends from the Little Oil stock would soon be distributed and placed in Little's hands.

To say that Ward's late addition amounts to a modification of the trust in contravention of Article Seven misapprehends the purpose of that provision as effecting, for example, a change of purpose or object of the trust. The addition of a co-trustee, the Court determines, was a right Mrs. Ward reserved when the trust was created. The addition of the co-trustee did not change the substantive provisions of the trust. That act merely relates to its administration. The issue is whether Mrs. Ward's wishes should be honored now given the delay in time. Exercising that right when she did does not change anything, substantively, about the trust.

The Court's power to supervise the administration of a trust must necessarily include effectual control of the trustees in order to carry out the directions of the settlor and protect the interests of the beneficiaries. Incidental to the Court's duty to ensure that trusts are properly

administered is its inherent power to remove trustees for cause. *See, e.g., Restatement (Second) of Trusts*, § 107 (1959). In Virginia, the Court's equitable power to remove a trustee for good cause is fortified by Va. Code Ann. § 26–48, which affords this Court the authority to remove trustees for any good cause shown. Good cause for judicial removal of a trustee may be found where the continuation of a trustee would interfere with the effective administration of the trust. Proper grounds for removal include the existence of hostility and friction between the trustee and the beneficiaries or between the trustee and his co-trustees, causing interference with the proper administration of the trust. *See, id.*, § 107, Comments a and c (1959); 2 A. Scott, *Trusts*, § 107.1 (3rd Ed. 1067). In addition, where ill-feeling between the trustee and his co-trustees reaches such a level that future cooperation and proper administration become improbable, the trustee may be removed even if misconduct is not proven. *May v. May*, 167 U.S. 310, 17 S. Ct. 824, 42 L. Ed. 179 (1897). The Court's overriding concern must be for the interests of the administration of the trust and the beneficiaries.

In the instant case, the evidence shows that the best interests of the trust would be served by the removal of Little as trustee. There is ample evidence supporting hostility between trustee Little and co-trustee Freed, as well as between Little and the settlor and beneficiaries. This state of affairs between Little and the others is intolerable and obviously inimical to the interest of the trust and the beneficiaries. This acrimony has irreparably tainted the relationship between the trustees and between Little and the beneficiaries such that their differences are irreconcilable, and there appears to be no probability of cooperation in the future. Accordingly, the Court finds that good cause exists for the removal of Little as trustee.

For the foregoing reasons, the relief the petitioners seek in their Amended Petition is granted.