# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## McCAMANT, Ex'OR, AND ALS. V. NUCKOLLS AND WIFE AND ALS.

### August 23d, 1888.

1. WILLS—*Construction—Discretionary powers—Trusts.*—Intention is the life of a will, and when clear and violates no rule of law, it must govern with absolute sway. In a discretionary power, the party may act, or not act in his discretion. In a trust, though the party may omit to act, yet the trust will be executed. In the former, if the party exercises his discretionary power honestly, the chancery court will not interfere.

2. IDEM—*Case at bar.*—P., by clause 1, devises his land, except " B. place," to his wife, during widowhood, to use as she sees proper, and to dispose of as she sees proper, according to the necessities of his five daughters. By clause 4 he directs that after his wife's death his property be equally divided between his five children, unless his wife sees proper, while in her natural mind, to make such difference as she thinks the health and necessities of the children demand. By clause 2 he provides that after paying his debts, all his children shall come into hotchpot and his remaining personal property be equally divided among them. By clause 3 he gives his wife such property as she may select as necessary for herself and family. Widow survived husband eighteen months. She made no distribution under clause 2; but she gave the larger part of the personal property to her afflicted single daughter, L. By her own will she exercised the said powers, and gave to said L. the furniture, stock, money, grain, hay and meat on hand, and one-half the lands, except B.; the other half and the small remnant of personal property she gave to the other four daughters. In suit to construe these wills ;

HELD :

    1. Clauses 1 and 4 gave to widow estate for widowhood in all the lands, except B., as to which testator died intestate, and also the power to divide the remainder interest between the five daughters, discriminating at her discretion, and the division, being *bona fide* and not illusory, is not under the control of the court.

2. Such property as under clause 3 she was entitled to select and did select (excluding choses in action), was vested absolutely in the widow.

3. There should be distribution of the entire distributable estate according to clause 2.

4. There should be an account of all chattels, evidences of debt, and money belonging to testator's estate that came into hands of executrix, and of how she disposed of them; and of her executorial administration; and of the accounts of the curator of her estate; and of the advancements by testator in his life-time and by his widow since his death, with a view to equal division under clause 2.

Appeal from decree of circuit court of Grayson county, entered at its December term, 1887, in the chancery cause wherein T. J. McCamant and Ellen, his wife, are complainants, and Robert Nuckolls and Lucinda, his wife, F. L. Hale and Nannie, his wife, E. T. Kirby and Mary A., his wife, W. E. Perkins and Lucy, his wife, and Jackson Higgins, curator of the estate of Jane D. Hale, deceased, were defendants. The decree construes the wills of Peyton G. Hale, deceased, and of Jane D. Hale as executrix, and being favorable to Nuckolls and wife, the remaining parties obtained an appeal and writ of *supersedeas.* Opinion states the case.

*James A. Walker,* and *J. W. Hackler,* for the appellants.

*Robert Crockett,* and *R. C. Jackson,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

Peyton G. Hale died on the 24th of December, 1885, seized and possessed of a considerable real and personal estate, situated in Grayson county, Virginia, having first made and published his last will and testament, in the words and figures following, to-wit: "I, Peyton G. Hale, being of sound and disposing memory, do make this my last will and testament: 1st. I will and bequeath to my wife, Jane D. Hale, all of my lands lying

and being in the county of Grayson, except the tract known as the Brown place, to use as she sees proper during her widowhood, and also for her to dispose of as she sees proper according to the necessities of our five children, viz: Nannie V. Hale, Mary A. Kirby, Lucy J. Perkins, and Ellen McCamant and Lucinda Hale.

"2d. That after my funeral expenses and all just debts is paid, that all of my above-named children to render a just account of all the money, property, etc., that they have received, and out of the proceeds of my property all the children above-named to be made equal, such as has received more than others, such as in arrears to have a sufficient amount until they are made equal, and then the residue to be equally divided with the above-named children.

"3d. That my wife, Jane D. Hale, is to select as much personal property as she thinks proper for her own use, such as horses, cattle, sheep, and all other property, such as bedding, and all other property that she thinks is necessary for the use and benefit of herself and family.

"4th. My will and desire is that, at the death of my wife, Jane D. Hale, that my property be equally divided between all of my five children, unless my wife, Jane D. Hale, sees proper, while she is in her natural mind, sees proper to make such a difference as she thinks the health and necessities of the children demands; if so, she has the full power to make such discrimination as she sees proper.

"Given under my hand this 9th day of November, 1878.

"P. G. HALE [SEAL.]

"Attested:

"JOHNSON BOYER,
"G. W. WARRICK,
"J. A. WRIGHT,

"Teste:

"GEO. W. CORNETT,
"WM. E. STONE."

334 M'CAMANT, EX'OR, AND ALS. *v.* NUCKOLLS AND WIFE AND ALS.

Opinion.

"I, Peyton G. Hale, being of sound mind, do add this codicil to my foregoing will, dated on the 9th day of Nov., 1878. I desire, and so will, that if any of my children or heirs ever attempt to *breake* or set aside my said will as it is written, then they shall have no part or interest in my property, but shall be disinherited; and I hereby appoint my wife, Jane D. Hale, and Wm. E. Perkins executrix and executor of this my said will above written, and this codicil to my said will, dated Nov. 9th, 1878. In witness whereof, I have set my hand and seal this the 6th of August, 1885.

"PEYTON G. HALE [SEAL.]

"Teste:

"GEO. W. CORNETT,
"WM. BEDWELL."

On the 5th day of January, 1886, the foregoing said last will and testament of Peyton G. Hale, deceased, with the codicil thereto, was duly admitted to probate in the county court of Grayson county, and Jane D. Hale, the executrix named in the codicil, qualified as such executrix, and gave bond with securities in the penalty of $250. The said Jane D. Hale having thus qualified as executrix of the will of her deceased husband, Peyton G. Hale, took possession of all the real and personal estate of which the said Peyton G. Hale died seized and possessed, except an undivided interest in the tract of land known as the Brown place, which was of little value and in the possession of Mary A. Kirby.

Jane D. Hale survived her said husband, Peyton G. Hale, until June, 1887, when she died, having made and published her last will in the words and figures as follow, viz:

"In the name of God, Amen:

"I, Jane D. Hale, of the county of Grayson, do make this my last will and testament.

"*Item* 1. I desire and direct that my executor, hereinafter named, pay all of my just debts and funeral expenses.

"*Item* 2. I desire that, after my death, my personal property, money and choses in action, be equally divided between my four daughters, Nannie, Lucy, Ellen, and Ann, that is, what remains after paying my funeral expenses.

"*Item* 3. Whereas my late husband, Peyton G. Hale, by his last will and testament, which has been duly probated in the county court of Grayson county, willed and bequeathed to me all the lands which he owned lying and being in the county of Grayson, except the tract known as the Brown place, to be used by me as I might see proper during my widowhood, and to dispose of the same as I might see proper according to the necessities of our five children mentioned in his said last will; and whereas, in my opinion, such a necessity has arisen which was contemplated by my said husband in his last will, that a difference should be made among our said children in the division of the land among them. Now, therefore, I further will and bequeath to my daughter, Lucinda Hale, one-half of the lands, home place and Warrick place, her half to be taken off the entire tracts next to Elk creek, and to include timber sufficient for the said half, next to Martin Brewer's and William Rhudie's lands.

"*Item* 4. I will that the remaining half of the land shall be divided equally between my other four daughters, Nannie Hale, Lucy Perkins, Ellen McCamant and Ann Kirby—except this— Ann Kirby, I will, shall have five hundred dollars more in the said half of land to be divided among the four daughters named, or, if my four daughters last named desire to sell their half of the land willed to them, then they may do so, and out of the proceeds of the sale of the half, give my daughter, Ann Kirby, five hundred dollars, and divide the remainder equally between Nannie, Lucy, Ellen and Ann.

"*Item* 5. I desire and so will to my daughter, Lucinda Hale, all my household and kitchen furniture remaining at my death, and all her stock and money which she has on hand at my death shall be hers; also it is my will that my daughter,

Lucinda Hale, have all the grain, hay and meat on hand at my death, and the other personal property be equally divided, as stated in item 2 of this will.

"*Item* 5. I further will and direct that if either of my said children shall attempt to break this will, or to defeat its provisions, that the one making such effort shall be cut off absolutely with a shilling, and the provision made herein for such an one shall be divided equally among my other children.

"*Item* 6. I hereby constitute and appoint Wm. E. Perkins to be the executor of this my last will and testament.

"*Item* 7. I hereby revoke all former wills made by me.

" Witness my hand and seal this 15th day of February, 1887.

" JANE D. HALE [SEAL.] "

The foregoing said last will and testament of Jane D. Hale, deceased, was duly admitted to probate in the county court of Grayson county, July 5th, 1887.

During the eighteen months that Jane D. Hale survived her husband, Peyton G. Hale, deceased, she returned no sale bill, or inventory of his estate; nor did she settle any executorial account. She never made any distribution of the personal estate not retained by her, under the third clause of the will, but sold by her as executrix; nor did she ever account for, or distribute, the solvent bonds and choses in action, as directed by the second clause of Peyton G. Hale's will, to equalize the participation of his children in that portion of his personal estate not bequeathed to his widow, or subject to the power of appointment given to her by his will. The bill charges that, of these choses in action and personal assets, thus dedicated by Peyton G. Hale's will for this special purpose, the executrix, Jane D. Hale, gave a large portion to her youngest daughter, Lucinda, who was unmarried and living with her mother. The bill charges that personal chattels, which were not selected and retained by the widow, under the third clause of the will, were sold by Jane D. Hale, the executrix, and a large sum realized therefrom; and

that, at his death, Peyton G. Hale was possessed of a large amount of solvent bonds and other choses in action, which came into the hands of Jane D. Hale, the executrix, but of which she returned no inventory, nor rendered any account.

The cardinal rule for the interpretation of wills is, to collect the intention of the testator from the whole will, taken together as a consistent whole formed of all its parts; and, if such intention be lawful, full effect must be given to it. Intention is the life and soul of a will, and the great point to be ascertained; when it is clear, and violates no rule of law, it must govern with absolute sway. *Wooten* v. *Redd's Ex'or,* 12 Gratt. 196; *Boisseau* v. *Aldridges,* 5 Leigh, 233–243; *Lucas* v. *Duffield,* 6 Gratt. 456; *Parker* v. *Wolsey's Ex'or,* 9 Id. 477; *Cheshire* v. *Purcell,* 11 Id. 771; *Wyatt* v. *Sadlin's Heirs,* 1 Munf. 537; *Rushton's Ex'ors* v. *Rushton,* 2 Dall. 244; *Finley* v. *King's Lessee,* 3 Peters, 377; *Smith* v. *Bell,* 6 Peters, 68-75; *Land* v. *Ottey,* 4 Rand. 213; *Rand's Executors* v. *Davis,* 4 H. & M. 283; *Boothe* v. *Blundell,* Vesey, Jr. 521.

The power of appointment may be a discretionary trust—a clear discretion or choice given to the donee of the power to act, or not to act—and such may be conferred by will. (2 Minor Inst. 741). In the nature of things there is a wide distinction between a discretionary power and a trust. In the former a party may, or may not act, in his discretion; in the latter, the trust will be executed notwithstanding the omission to act. Story's Equity, sect. 1070; *Brown* v. *Higgs,* 8 Vesey, 569 and notes; 2 Spence's Equity, 81.

As regards such powers as are discretionary and depend on the opinion and judgment (of the donee of the power), the courts, unless in cases of fraud, have no jurisdiction to interfere. Spence's Equity, 81, and authorities cited in note c; Leading Cases in Equity, vol. 2, part 2, page 1086, and cases there cited. The will of the testator is the creator of the power, the law of its execution, and the guide of the donee of the power. Leading Cases in Equity, vol. 2, part 2, pages 1861–2.

When a trustee has a power at his discretion, and he honestly

exercises it, the court of chancery will not control his judgment; as where a testator devises his lands, goods and chattels to A. upon trust to give to his children and grandchildren, or his nephews and nieces, according to their merits, and the trustee gives all to *one*, it has been held that the others shall not be relieved, because the testator submitted the whole to his judgment. 2 Spence's Equity, 87, and cases cited in note e, p. 18. In the case of *Kemp* v. *Kemp*, 5 Vesey, 846, Lord Eldon, in construing the will of Martha Scattergood, held that the words, "What remains after paying these legacies, I give to my cousin, Martha Kemp, for her life, and then to be disposed of among her children as she shall think proper," to confer upon Martha Kemp the power of appointment; and his lordship deduced from all the English cases the rule that it is not the rule, under a power to appoint among several objects they must take equally, unless a good reason appears. In this case Martha Kemp dis-. posed of £1,900 among three children, giving to one £10, to another £50, and all the residue to the third child. It was held that the £50 share was substantial and not illusory. See *Rhett* v. *Mason*, 18 Gratt. 541 ; *Morriss, Ex'or*, v. *Morriss*, 33 Gratt. 51 ; *Cowles* v. *Brown*, 4 Call. 477.

A will made in the execution of a power not only so operates, but has, in most respects, the qualities of a proper will. It is ambulatory until the testator's death, and may be revoked. 2 Minor's Inst. 742.

In expounding the will of Peyton G. Hale, there is no unskillfulness or negligence of expression—no technical informalities— nor perplexing complication of words and sentences in the way. The words and the provisions of the will are as plain, explicit, positive and unambiguous as language and intention can be expressed. The first clause of the will gives to the wife of the testator, "Jane D. Hale, all of my lands lying and being in the county of Grayson, except the tract known as the Brown place, to use as she sees proper during her widowhood ; and also for her to dispose of as she sees proper, according to the necessities

of our five children"—naming them; and the testator, after having, in the *second* and *third* clauses of his will, disposed of all his *personal* property, repeats and cumulates, in the *fourth* clause, the power expressly given in the *first* clause to his wife to make unequal appointments of his lands among his children by adding the language, too plain to be misunderstood, to his will and desire that, after his wife's death, his property should be equally divided among his children, "unless my wife, Jane D. Hale, sees proper, while she is in her natural mind, sees proper to make such a difference as she thinks the health and necessities of the children demand; if so, she has the full power to make such discrimination as she sees proper."

The manifest purpose of the testator, as expressed so emphatically, and reiterated' in the first and fourth clauses of his will, was to put his wife (in whose wisdom, experience and affection for their children the record shows he had the most unbounded confidence and respect) in his own stead, with reference to his children and the distribution of his lands among them, and to confer upon his wife full power and discretion to make such discrimination among them in the division of the land as she thinks or sees proper; that is, as absolute a dominion over its division and distribution as he himself had, or could have exercised. The condition of the health and necessities of one or more of the children justifying an exercise of the power of appointment conferred upon his wife, is left absolutely and entirely to her personal judgment, and the share or portion which each one of them was to take, in the event of her exercising the power vested in her, is likewise left wholly to her discretion. And Jane D. Hale having exercised this discretion in the manner expressed by her in her will, the courts have no right to question, interfere with, or supervise her judgment as deliberately expressed therein. (2 Lomax, 224; *Thorndike* v. *Reynolds,* 22 Gratt. 21; Hill on Trustees, 741, 742, 745; Lomax Digest, 2 vol. 234–5; *Brown* v. *Higgs,* 5 Vesey, 501; 8 Vesey, 570; 2 Madd. 157; 3 Madd. 396; 5 Madd. 427; *Cowles* v. *Brown,* 4

340   M'CAMANT, EX'OR, AND ALS. *v.* NUCKOLLS AND WIFE AND ALS.

Opinion.

Call, 477; *Cochran* v. *Paris*, 11 Gratt. 348; *Steele* v. *Levisay*, 11 Id. 454; *Morriss* v. *Morriss*, 33 Id. 81–2.

There is no error in the decree complained of in holding, that, under the will of Peyton G. Hale, deceased, his wife, Jane D. Hale, took a freehold estate in the lands therein devised to her, limited to her widowhood, with all the legal rights incident to such an estate. And that by the first and fourth clauses of the will the testator devised to his wife discretionary power to appoint unequal portions of his lands among his children, if, in her judgment, the health and necessities of the said daughters demanded it. And that the exercise of this power of appointment in the division of the land made by Jane D. Hale, by her will, was made *bona fide*, and is not subject to the control of the court; and that the appointments made by her of the said land to her five daughters were not illusory as to any of them.

The court correctly construed the second clause of the will of Peyton G. Hale, as directing, that, after deducting the chattels selected by the widow, Jane D. Hale, under the third clause of the will, the whole personal estate was to be appropriated and applied by his executrix to the payment of his funeral expenses and his debts, and the surplus to distribution among his five daughters in due course of administration, the said daughters being required to bring into hotchpot their several advancements, and, upon accounting therefor, to be made equal in the distribution. But the court did err in not directing one of its commissioners to take an account showing what personal chattels and choses in action, bonds or other evidences of debt, as well as money, belonging to the estate of Peyton G. Hale, came into the hands of his executrix, Jane D. Hale, and what disposition she made thereof; and in not directing the said commissioner to settle the executorial account of the said Jane D. Hale, executrix of the will of Peyton G. Hale, deceased; and also the account of Jackson Higgins, curator of the estate of Jane D. Hale, deceased.

And the court erred in not directing an account of the ad-

vancements made by Peyton G. Hale in his life-time, and by Jane D. Hale since his death, of any choses in action, or other personal property of his estate other than what she selected and retained for her own use and for the use of her family, under the third clause of the will; to the end of an equalization, by hotchpot, of the shares of the five children of the testator in his said choses in action and in such excess of personal property of his estate after payment of debts, and in excess of selection and retention by the said Jane D. Hale, under the third clause of the will of Peyton G. Hale. The court did not err in the construction given to the third clause of Peyton G. Hale's will, in holding that such property as she had the right to select under the said third clause, exclusive of choses in action, and which she did so select or retain, was vested in Jane D. Hale, absolutely. The court correctly construed the will of Jane D. Hale as constituting the five daughters tenants in common in the lands named in the third and fourth clauses of that will, except the Brown place, giving to the appellee, Lucinda, an interest of one-half in value of the whole place, to be laid off, when partitioned, next Elk creek, and to include a sufficient proportion of woodland next to Martin Brewer's and William Rhudie's lands; and giving to the other four daughters the other half in value of said land, to be so divided that Mrs. Ann Kirby's share should be five hundred dollars in value greater than either Mrs. Nannie Hale's, Mrs. Lucy Perkins' or Mrs. Ellen McCamant's share, so that the shares of the last three named shall be equal in value. The court did not err in decreeing that the Brown place, not having been disposed of by the testatrix, Mrs. Hale, under her power of appointment, shall be equally divided between the defendants, Mrs. Nannie Hale, Mrs. Lucy Perkins, and the plaintiff, Mrs. Ellen McCamant, subject, however, to the right of the defendants, Mrs. Lucinda Nuckolls and Mrs. Ann Kirby, or either of them, into *hotchpot,* and, accounting for these shares, to participate in an equal division,

Upon the whole case, we find no error in the decree com-

342  M'CAMANT, EX'OR, AND ALS. *v.* NUCKOLLS AND WIFE AND ALS.

Opinion.

plained of construing the will of Peyton G. Hale, deceased, and the will of Jane D. Hale, deceased, in execution of the power of appointment given to her by the first and fourth clauses of the will of her testator, Peyton G. Hale, deceased. But we are of opinion that the testator, Peyton G. Hale, made provision, by the second and third clauses of his will, for the equalization of the shares of his five daughters in his personal property, after the payment of his debts, and after the exercise of the right of selection and retention given to his wife, Jane D. Hale, by the third clause of his will of any and all the personalty, except the choses in action which he thought would be sufficient to equalize the shares of his five children, in his bounty; and that Jane D. Hale, as executrix of the will aforesaid, did not properly regard and execute the second and third clauses of the will of Peyton G. Hale, deceased; and that, as before said, the court erred in not directing an inquiry by one of its master commissioners to ascertain and report what personal property, choses in action, bonds and other evidences of debt, as well as money, belonging to the estate of Peyton G. Hale, came into the hands of his executrix, Jane D. Hale; and what disposition she made thereof; and in not ordering a settlement of the fiduciary account of the said executrix, Jane D. Hale, and also of the account of Jackson Higgins, curator of the estate of the said Jane D. Hale, deceased. And that the court erred, also, in not ordering an account of the advancements made by Peyton G. Hale in his lifetime, and by Jane D. Hale since his death, to their five daughters.

For the foregoing reasons, we are of opinion to affirm the decree complained of, in the particulars and to the extent set forth in this opinion; and to reverse it for the errors specified herein; and for this purpose an order will be entered here, remanding the cause to the circuit court of Grayson county for further proceedings in accordance with this opinion and the order of this court.

DECREE REVERSED IN PART AND AFFIRMED IN PART.