# CHARLESTON

### WEEKLEY v. WEEKLEY *et al.*

Submitted November 24, 1914.  Decided December 15, 1914.

1. DEEDS—*Construction*—*Estates Conveyed.*

When read and considered as a whole, a deed whereby the "parties of the first part grant to the party of the second part", W. J. Weekley, two tracts of land, describing them, without specifying the quantity of estate conveyed, but with the provision, immediately following the description of the property and as a part of the granting clause, that the "land shall fall to * * * John W.

Weekley and his heirs when the said W. J. Weekley is done with the same'', vests a life estate only in W. J. Weekley and a remainder in fee in John W. Weekley.  (p. 281).

2.  SAME—*Designation of Grantee—Estate in Remainder.*

If designated and sufficiently identified in the granting or habendum clause, one may as grantee take in remainder subject to a life estate, though not named as such in the premises of the deed. (p. 282).

3.  PLEADING—*Similiter—Cure of Error.*

To a plea concluding ''to the country'', a *similiter* only is proper, and its omission is cured after verdict or judgment.  (p. 284).

Error to Circuit Court, Marion County.

Ejectment by John W. Weekley against Lillie Weekley and others.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*C. A. Snodgrass,* for plaintiffs in error.

*M. J. Cullinar,* for defendant in error.

LYNCH, JUDGE:

In ejectment, wherein John W. Weekley was plaintiff and Lillie Weekley and her infant son were defendants, the circuit court of Marion county, on facts agreed, found for plaintiff, and defendants have assigned error.  The result of the action depended solely upon the construction of the deed under which the parties claimed title to the two lots in controversy.  No question arose as to the consideration for the grant, or the identification of the lots conveyed.

Though unskillfully drawn, the deed was sufficient to pass the title.  The sole question is whether the grant was to W. J. Weekley in fee, or to him for life and remainder to his son, John W. Weekley.  The deed did not specify the estate granted.  But §8, Ch. 71, Code, says: ''Where any real estate is conveyed    *    *    *    to any person without any words of limitation'' it '' shall be construed to pass the fee simple or the whole estate or interest the grantor had power to dispose of in such real estate, unless a contrary intention shall appear from the grant''.  Following the grant, and apparently a part of it, are the words:  ''The above de-

scribed tracts of land shall fall to W. J. Weekley, son John W. Weekley, and his heirs, when said W. J. Weekley is done with the same''.

These words manifest an intention on the part of the grantors to curtail the fee, which by the section cited would have passed to W. J. Weekley under the conveyance, to a life estate in him with remainder in fee to his son, John W. Weekley, the plaintiff. That the latter was not otherwise named in the deed is not material, if the language quoted may be said to constitute the habendum clause. Unless there is repugnancy between the granting and habendum clauses, a party not named in the premises may take under the deed if named in the habendum clause. ''Thus, there is no repugnancy between the two clauses when the party who is to take, though not named in the grant, may be ascertained from the habendum clause.'' Dev. Real Est. §219. The same author at §220 says: ''While the habendum clause can not abridge an estate granted, yet where the granting clause does not mention the estate conveyed, the habendum clause may have the effect of declaring the intention, and may overcome any presumption that in its absence would properly arise from the defect in the preceding clause''. So Jones on Real Estate §224 says: ''It is not essential that the grantee should be formally named in the granting part of the deed. It is only necessary that, taking the whole instrument together, there is no uncertainty as to the grantee. * * · * If the instrument shows who he is, if it designates him and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form or in the usual or most appropriate position in the instrument''. While a stranger to a deed can not be introduced in the habendum clause to take a fee, he can take in remainder when by construction of the entire instrument it appears that the intention of the parties is thus given effect. *Acker* v. *Pridgen,* 158 N. C. 337.

The modern and authoritative rule for construing deeds requires enforcement of the grantor's intention, when manifested by the plain import of the language used; and, to

ascertain such intention, the instrument must be examined and considered in its entirety, and not otherwise. If, when so examined and considered, such intention appears, effect must be given to it, unless to do so would conflict with some other well established canon of construction or some principle of law. *Irwin* v. *Stover,* 67 W. Va. 356; *Waldron* v. *Coal Co.,* 61 W. Va. 280; *Uhl* v. *Railroad Co.,* 51 W. Va. 106; *Harkness* v. *Meade,* 148 Ky. 565.

In construing deeds, resort must not be made to arbitrary rules. But when the intention of the parties is manifest, effect should be given, wherever possible, to the habendum as well as to the granting clause; because the object of the habendum is to enlarge, limit or explain the estate conveyed. The court may disregard the technical words used, and adopt such construction as, on a general view of the instrument and of the plain purport of its language, seems most likely to effectuate the real intention of the parties to it. Dev. Real Est. §836a. So construed, a deed containing an express grant to the grantee, "her heirs and assigns forever", followed by a stipulation that she was to hold only a life estate in the land, which thereafter was to pass to the grantor's children, was held to vest in the grantee only a life estate. *Durger* v. *Lucken,* 143 Ky. 850.

Though the language used by the grantors lacks perspicuity and definiteness, it sufficiently manifests their intention. *Marsh* v. *Morris,* 33 N. E. 290, relied on by plaintiff in error, is not authority to the contrary. The holding there was *obiter,* as the only question involved was whether the language in controversy was inserted subsequent to execution of the deed, thereby and to that extent constituting a forgery. Evidently, the effect of the interpolation was not seriously considered. The court cited no authority.

But, as noted, the deed here does not contain the ordinary technical or distinctive habendum clause. Virtually the language defining the estate the deed purports to pass is within the granting clause, a part of it, although a description of the lots intervenes. The grant is of certain real estate to W. J. Weekley, followed by the clause in effect providing that the conveyance to him for life, and thereafter to John W.

Weekley and his heirs; the word "heirs" having no effect other than to signify the character of estate granted to the plaintiff, an estate in fee subject to the life estate vesting in the father. It was therefore a grant for life to the one, with remainder in fee to the other. Evidently, the learned trial judge so construed it.

Because the case was heard without a replication to their plea, defendants argue a reversal must ensue. No formal pleas were filed, nor were they necessary. The adult defendant appeared at rules and entered her plea "not guilty"; and the infant defendant, by guardian *ad litem,* tendered the same plea in open court. The record shows no other pleading, nor any joinder of issue on the pleas.

The only issuable plea in ejectment is "not guilty of withholding the premises claimed by plaintiff in the declaration". §13, Ch. 90, Code. It concludes to the country, and not with a verification. It is a negative plea, one to which no replication was required, nor was one appropriate. All that was necessary was joinder of issue on the pleas, and for this purpose only a *similiter* was required; and, under §3, Ch. 134, Code, its omission was cured after verdict. 31 Cyc. 672, 773. When the plea "concludes to the country, and this is the case in all those instances wherein there is a denial or traverse of the allegations of the declaration, the plaintiff can not in general reply otherwise than by adding what is termed the *similiter*". Hogg, Pl. & Forms, 281, citing 1 Chit. Pl. (11th Am. Ed.) 578.

In *Railroad Co.* v. *Faulkner,* 4 W. Va. 184, this court said no error was committed in trying a case without a formal issue upon a plea of non assumpsit. So in *Douglass* v. *Land Co.,* 12 W. Va. 502, we held, as to a plea of payment, that, as "plaintiff could reply no special matter without a departure from the allegations of his declaration, but could only take issue on the plea, the nonjoinder will be cured by the statute of joefails after verdict". In *Bank* v. *Kimberlands,* 16 W. Va. 555, we held: "If a plea concludes to the country, as non assumpsit or payment, the plaintiff may without the formal addition of the *similiter* proceed to trial, as though the issue had been formally joined; but if the plea concludes

with a verification plaintiff must reply thereto before the case can be tried by the jury". While making a distinction as to the submission to the court in lieu of a jury before arriving at an issue, the court in *Sawyer* v. *Corse,* 17 Gratt. 230, held.: "When before the defendant files a plea the parties agree a case and submit it to the decision of the court, the want of a plea or issue is cured by the agreement". Quoting from the opinion, we read there is a declaration and no plea, as in the present case, the plaintiff's cause of action as set forth in the declaration is submitted to the court without reference to any particular form of defense, and the defendant is entitled to judgment if the facts stated afford him a defense of which he might have availed himself under any form of pleading. When the case is submitted after an issue is made up, the decision of the court is restricted to that issue."

Seeing no error, we affirm the judgment, with costs and damages as required by law.

*Affirmed.*