# CHARLESTON.

*J. E. MADDY v. B. F. MADDY et al.*

Submitted January 25, 1921.  Decided February 1, 1921.

1.  DEEDS—*Deed Must be Construed as a Whole, Giving Effect to Clear Intention of Parties.*

     In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith.   (p. 583).

2.  SAME—*Inconsistent Granting and Habendum Clauses Must be Read Together.*

     Where the provisions of the granting and habendum clauses of a deed disclose a possible inconsistency or repugnancy between them, creating doubt as to the nature of the estate sought to be conveyed, they must be read together in the light of all the provisions of the instrument, and, if reasonably possible, harmonized, in order to achieve the true intent of the grantor.  (p. 584).

3.  SAME—*Where Granting and Habendum Clauses Inconsistent as to Estate, Entire Instrument Must be Construed.*

     Where the premises of a deed disclose but one grantee, Cynthia A. Maddy, and the granting clause clearly purports to convey the property to her alone, but the habendum adds— "to have and to hold the real estate aforesaid * * * unto the said Cynthia A. Maddy and her children, the heirs of her body, forever," creating doubt whether the deed conveys an estate for life, in tail, or in fee simple to the designated grantee alone or to her and her children jointly, all the provisions of the intrument should be read and construed together, in order to determine what estate the grantee took.  (p. 585).

4.  SAME—*"Children" in its Broader Meaning May Connote Entire Line of Descendants.*

     Though generally the word "children," as used in a deed or will, refers to the immediate descendants of a designated person, it may under some circumstances bear a broader meaning and connote the entire line of descendants.   In order to determine the sense in which it was used by the grantor or testator, it is necessary to look to its context, considered in the light of all the provisions of the instrument.  (p. 586).

5.   SAME—*Phrase "Heirs of the Body" Held to Mean Children, Creating an Estate in Fee Tail Raised by Statute to Fee Simple.*

Where the habendum clause of a deed limits a conveyance to a designated person "and her children, the heirs of her body, forever," and the instrument considered as a whole discloses an intent on the part of the grantor to convey a fee simple interest to the former, the only designated grantee, the phrase, "heirs of her body," will be deemed to indicate the true sense in which the term "children" was used; thus creating in the grantee an estate in fee tail, which by the statute is raised to a fee simple. (p. 586).

6.   EVIDENCE—*Complete Deed Cannot be Modified as to Intent by Subsequent Affidavit of Scrivener.*

A deed, complete in itself and susceptible of construction, cannot be varied or modified in legal meaning by an affidavit of the scrivener many years after the execution of the instrument, purporting to show the alleged intention of the grantor with respect to the conveyance, and the scrivener's effort to make the deed conform to such intent. (p. 587).

Appeal from Circuit Court, Summers County.

Suit by J. E. Maddy against B. F. Maddy and others in partition. From a decree dismissing the bill, plaintiff appeals.

*Affirmed.*

*E. C. Eagle* and *R. F. Dunlap,* for appellant.

LYNCH, JUDGE:

Appellant J. E. Maddy, plaintiff below, seeks reversal of a decree of the circuit court of Summers County dismissing his bill praying partition of three tracts of land in which he claims a joint undivided interest. The basis of his claim is a deed executed by his father, E. J. Maddy, November 20, 1893, the granting clause of which purports to convey the tracts in question to Cynthia A. Maddy, the wife of the grantor and plaintiff's mother. Plaintiff contends, however, that the habendum clause clearly discloses an intention on the part of the grantor to convey the property, not to the wife alone, but to her and their five children jointly, thereby giving to each an undivied one-sixth interest in the tracts conveyed. The children were all living at the date of the execution of the deed. By deed of April 4, 1918, Cynthia A. Maddy conveyed the three tracts to defendants B. F.

and G. C. Maddy, two of the children, plaintiff's brothers, in consideration of a promise by them to "keep, maintain and support" her in a comfortable manner during the remainder of her life. She died January 6, 1920, and on February 21st plaintiff instituted this suit, which defendants P. F. and G. C. Maddy resist upon the ground that the deed of 1893 vested in their mother the entire fee interest in and to the property referred to, instead of an undivided one-sixth interest as plaintiff contends, and that their mother's interest in fee was conveyed to them by the deed of 1918.

The material portion of the deed of 1893, construction of which is sought, follows: "This deed made this 20th day of November, 1893, between E. J. Maddy of the county of Summers, West Virginia, of the first part, and Cynthia A. Maddy of the same place, of the second part; Witnesseth: That the said party of the first part, for and in consideration of two hundred dollars, heretofore paid for the real estate hereinafter conveyed, and for other good and valuable considerations, doth grant *unto the party of the second part* three certain tracts of land (describing them). * * * To have and to hold the real estate aforesaid with its appurtenances *unto the said Cynthia A Maddy and her children, the heirs of her body, forever.* And the said party of the first part doth hereby covenant with the *party of the second part* that they (he) will warrant generally the property hereby conveyed." (Italics ours.)

Two questions immediately present themselves: First, is the habendum clause repugnant to the granting portion of the deed? Second, in case of such repugnancy which shall prevail? In the construction of wills, deeds or other written instruments the prime consideration always is ascertainment of the intention of the party or parties executing them, and to effectuate that purpose the court or other construing body generally looks to the whole instrument and examines all of its provisions in order to determine therefrom the true intent sought to be effected. *Irvin* v. *Stover,* 67 W. Va. 356; *Weekley* v. *Weekley,* 75 W. Va. 280. There is no occasion for resort to the common law rule that the habendum must yield to the grant in case of inconsistency between them, unless the repugnancy is so irreconcil-

able that the intention of the grantor cannot be determined with reasonable certainty from a construction of the instrument as a whole. *Temple* v. *Wright,* 94 Va. 338; *Culpeper Nat. Bank* v. *Wrenn,* 115 Va. 55; 18 C. J. title, "Deeds," § 329.

In this case, therefore, the grant and habendum must be read and considered together. The former standing alone is clear in its designation of Cynthia A. Maddy as the sole grantee, and under section 8, ch. 71, Code, conveys to her the entire fee interest of the grantor. No other name appears either in the premises or in the grant itself. It is only when the habendum is reached that a different designation is used. Had the word "children" been omitted and only the phrase, "heirs of her body," used, clearly the latter would be construed, in the absence of other words indicating a purpose to limit its usual and technical meaning, as a phrase of limitation, not of purchase, creating an estate in fee tail, which by the statute (section 9, ch. 71, Code) is raised to a fee simple. *Allen* v. *South Penn Oil Co.,* 72 W. Va. 155. Under such construction there could be no repugnancy between the grant and habendum. On the other hand, if the habendum had contained only the words, "unto the said Cynthia A. Maddy and her children," a different construction might have been necessary, for in *Wills* v. *Foltz,* 61 W. Va. 262, a devise unto a woman and her children, there being children living at the date of the testator's death, was held to confer upon the woman and her children a joint estate in equal portions, instead of a fee in the former alone; the court saying in point 2 of the syllabus: "The word 'children' in a devise is a word of purchase, not of limitation, unless a different intent plainly appear in the will."

Here, however, there are present both elements—the word "children," held in *Wills* v. *Foltz,* cited, to be a word of purchase, and the phrase, "heirs of her body," held in *Allen* v. *South Penn Oil Co.,* cited, to be a phrase of limitation. But in each of the cases cited the interpretation given to the word or phrase in question was made conditional upon the context of the instrument. In the former, the construction given to "children" was held appropriate "unless a different intent plainly appear in the will;" in the latter, the court approved the technical construction of the words, "heirs of her body," where

"there are no other words in the deed, and no circumstances appearing in the case, to indicate a purpose of the grantor to restrict their usual and technical meaning, other than the fact that the grantee then had living children." In other words, expressions of this character are to be construed in the light of all the provisions of the instrument, so that effect may be given to the intention of the grantor or testator in every case where it is reasonably possible to do so.

What, then, is the effect of the use of the word "children"? Does it indicate a purpose to limit the technical meaning of the phrase, "heirs of her body," and to constitute the entire clause one of purchase rather than of limitation, or is the latter phrase to be given preponderant weight, constituting the clause one of limitation, not of purchase? The grant is clear, explicit, admitting of no ambiguity. It names but one grantee, Cynthia A. Maddy, and the warranty clause likewise refers to but one. The habendum, however, is vague and uncertain as to its meaning, necessitating construction. As its only purpose and function was to define with greater particularity the preceding grant, its terms are subsidiary to those of the latter and must be construed in the light of the purposes disclosed by it. *Freudenberger Oil Co.* v. *Simmons,* 75 W. Va. 337, 341; 18 C. J. title, "Deeds," § 329. As said by Professor Minor in his Institutes (vol. 2, page 629) : "The office of the habendum is to determine what estate or interest is granted by the deed; although this may be, and generally is, stated in the premises. In which case the habendum may lessen, enlarge, explain, or qualify, but not totally contradict, or be repugnant to the estate granted in the premises. In case of such irreconcilable repugnancy, the premises generally prevail, for the habendum cannot divest an estate already granted in the premises."

Here the deed in the granting clause designates by name the intended grantee, and the person so named is in law deemed to be the real grantee in whom the grantor intended the title should vest. No estate is conferred upon her by the habendum. It only supplies the omission to define the extent of the estate that the deed granted, that is, an estate for life, in fee tail, or fee simple. Evidently it did not attempt to limit the grant

to a life tenancy. The granting clause, standing alone, would, under our statute, vest in her a fee simple estate, but, read in connection with the habendum, it vests an estate known at the common law as an estate in fee tail, for it is readily seen that the grantor intended to lay chief emphasis upon the phrase, "heirs of her body." It defines the term "children," and particularizes those who are meant to be embraced within the meaning of that word. Though generally "children," as used in a deed or will, refers to the direct issue of the same father or mother, it may under some circumstances include an entire line of descendants. In order to determine the sense in which it has been used by a grantor or testator, it is necessary to look to the context of the instrument. 18 C. J. title, "Deeds," § 237. That the latter meaning was the one intended is indicated by the position of prominence given to the technical phrase used. It defines, explains, makes clear the meaning of the word preceding it, and thus conforms to the clear intent and purpose of the granting and warranty clauses by giving to Cynthia A. Maddy an estate in fee tail, which the statute raises to a fee simple. There is, therefore, no repugnancy between the grant and habendum of the deed of 1893.

The conclusion which we have reached is supported in every aspect by the case of *Wallace* v. *Hodges,* 160 Ala. 276. The deed there construed granted property to "our beloved son, William R. L. Hodges, and his heirs lawfully begotten by him, * * * to have and to hold unto the said William R. L. Hodges and the children of his body, their heirs and assigns, forever." It was contended that inasmuch as William R. L. Hodges had, at the date of the execution and delivery of the deed, two children, the latter took as tenants in common with their father. But the court declined to adopt such construction, holding that it was necessary to reconcile the granting and habendum clauses, where possible, and that the word "children" was used in the deed as the equivalent in intent and meaning of "heirs of his body" or "issue;" thereby creating in the son an estate tail, which was converted by the statute into a fee.

Of the cases relied on by plaintiff to support his contention, *Wills* v. *Foltz,* cited, and *Allen* v. *South Penn Oil Co.,* cited,

already have been discussed. : *Graham* v. *Graham,* 4 W. Va. 320, merely announces by way of dictum the principle later decided in *Wills* v. *Foltz, supra,* that a devise to the testator's daughter and her children .creates in them a joint estate, unless other portions of the will express a different intent. In *Graham* v. *Graham* such different intent was found to exist from a con- struction of the entire instrument, and the devise was held to be one to the daughter in fee tail, which the statute raised to a fee; thus conforming to the conclusion which we have reached in this case. In *Weekley* v. *Weekley,* 75 W. Va. 280, after the first part of the granting clause had purported to confer upon W. J. Weekley a fee simple estate in certain designated prop- erty, there was incorporated as part of the grant a clause pro- viding that the "land shall fall to * * * John W. Weekley and his heirs when the said W. J. Weekley is done with the same." From a construction of the instrument as a whole, it was held to be the grantor's intention to vest only a life estate in W. J. Weekley and remainder in fee in John W. Weekley. When properly understood there is no inconsistency between the two cases. Each construes the entire instrument in order to de- termine and give effect to the intent of the grantor. Under such circumstances, when the same principle of construction is followed in each case, it cannot be said that the conclusions reached are inconsistent because in the one case the first part of the grant is held to be modified by a subsequent clause, while in the other it is not.

In view of our conclusion in this respect, it is unnecessary to consider the question, which shall prevail in case of irrecon- cilable conflict between the grant and habendum clauses of a deed, other than to refer to *Freudenberger Oil Co.* v. *Simmons,* 75 W. Va. 337, 341; *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187; 1 Devlin on Real Estate (3d Ed.) §§ 214, 219; 18 C. J. title, "Deeds," § 329.

Nor is there any need to comment upon the inadmissability of the affidavit filed by the scrivener who prepared the deed of 1893, with regard to the alleged intention of the grantor that his wife and children take jointly, and the scrivener's effort to make the deed conform to such intent. The instrument it- self is susceptible of construction and hence cannot be varied

or modified in legal meaning by an affidavit made by the scrivener 27 years after its execution. The deed was executed by the grantor in the form in which it now appears; it is complete in itself, and all rights thereunder must depend upon the proper construction of that instrument alone. *Collins* v. *Degler,* 74 W. Va. 455.

As the parties to the deed of 1893 were husband and wife, it vested in the grantee only an equitable estate in the land conveyed, as also did her deed of 1918 to the two children of herself and her husband. They took under the deed the estate acquired by her through her grantor, that is, an estate enforceable in equity, though invalid at law. *McKenzie* v. *Ohio River R. Co.,* 27 W. Va. 306; *Humphrey* v. *Spencer,* 36 W. Va. 11. This estate and the right of enforcement was vested by her deed in her grantees. "Any interest in or claim to real estate may be disposed of by deed or will." Section 5, ch. 71, Code. "The word 'land' or 'lands' and the words 'real estate' or 'real property' include lands, tenements and hereditaments, and all rights thereto and interests therein except chattel interests." Clause 15, section 17, ch. 13, Code. The principles herein stated apply to the same extent and with equal force as if the deed had passed the legal title to the land.

Our conclusion, therefore, is to affirm the decree.

*Affirmed.*