# CHARLESTON.

Carlyle Bartlett *et als. v.* Susan M. Petty *et als.*

Submitted April 17, 1923.    Decided April 24, 1923.

1. Deeds—Wills—*Must be Construed as Whole Giving Effect to Clear Intention of Parties.*

    In construing a deed, will, or other written instrument, it is the duty of the Court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties whereever that is reasonably clear and free from doubt, unless to do so will violate some principles of law inconsistent therewith. (p. 610).

2. Same—*Inconsistent Granting and Habendum Clauses Must be Read Together to Achieve Intent of Grantor.*

    Where the habendum and granting clauses of a deed disclose a possible inconsistency or repugnancy which creates a doubt as to the nature of the estate sought to be conveyed, they should be read together and considered with all the other provisions of the instrument and, if reasonably possible, harmonized in order to achieve the true intent of the grantor. (p. 610).

3. Same—*Where Grantor and Habendum Clauses Inconsistent as to Estate, Entire Instrument Must be Construed.*

    In a deed the premises of which convey the property to "Mary S. Bartlett" and there are no words of limitation in said premises or the granting clause, both purporting to convey the property to her alone, but the habendum adds ***** "Unto the said Mary S. Bartlett and her heirs by me and assigns forever", creating a doubt whether the deed conveys an estate for life, in tail or in fee simple to the designated grantee alone or to her and her heirs, by the grantor, jointly; the estate created will be determined by an effort to construe all of the provisions of the instrument. (p. 610).

4. Same—*Phrase "Her Heirs by me and Assigns Forever" Construed as Words of Limitation, and not of Purchase, Creating Estate in Fee Tail, Raised by Statute to Fee Simple.*

    Where the premises specifically grant a fee simple estate to one and there are no words of limitation elsewhere in the deed but the habendum qualifies the conveyance to the designated person "and her heirs by me and assigns forever", the phrase in the habendum will be construed as words of limi-

tation, and not words of purchase, thereby creating an estate in fee tail, which by the statute is raised to a fee simple. (p. 612).

5.  CONSTRUCTION OF DEED.

The principles involved in this case are the same as were involved in the case of *Maddy* v. *Maddy*, 87 W. Va. 581, and from which case the syllabus above is substantially taken.

Certified Question from Circuit Court, Roane County.

Action by Charles Bartlett and others against Susan M. Petty and others. Question on sustaining demurrer to plaintiffs' bill certified.

*Affirmed.*

*Thos. P. Ryan,* for plaintiffs.
*Harper & Baker,* for defendants.

McGINNIS, JUDGE:

This case is certified here by the judge of the circuit court of Roane county on the question of whether or not he properly sustained the defendants' demurrer to plaintiffs' bill.

In 1903 James C. Bartlett made a deed to his wife Mary S. Bartlett, conveying a small lot of land in Spencer District, Roane county, West Virginia, now situate in the city of Spencer, the material parts of which deed are as follows: "This deed made this the 2d day of Nov. 1903 between Jas. C. Bartlett of the County of Roane and State of West Virginia of the first part and Mary S. Bartlett of the County of Roane and State of West Virginia of the second part Witnesseth: That for and in consideration of one dollar in hand paid the receipt herein acknowledged and the conveyance of the interest in the Ligget Square the said Jas. C. Bartlett do grant unto the said Mary S. Bartlett with covenants of a warranty all that certain tract or parcel of land, lying and being in the District of Spencer in the County of Roane and State of West Virginia, and bounded and described as follows (describing it) * * * * to have and to hold the said lot tract or parcel of land or premises together with all and singular appurtances thereto belonging, unto said Mary S. Bartlett and her heirs by me and assigns forever."

The bill alleges that Jas. C. Bartlett died intestate leaving his wife, the said Mary S. Bartlett, and three children, Carlye, Charles and Anna Bartlett, born of their wedlock, all of whom are infants and are joined as plaintiffs in this suit, suing by their next friend Mary S. Rinehart; and that said Mary S. Bartlett later married Harry Rinehart; and that by and through several conveyances the whole estate so conveyed to said Mary S. Bartlett by deed from her husband as set forth above is now vested in the defendants Edna and Guy Sinnet, alleging that under the deed above set forth the plaintiffs took an equal share in the property so conveyed to their said mother and prayed for cancellation of certain deeds made by the said Mary S. Bartlett and her grantees, as clouds upon their titles, and for partition in kind, and that their respective interests be allotted to them, if the same conveniently can be done; and, if not, that same be sold and the proceeds divided among the parties in interest. A demurrer to the bill was sustained below on the grounds that by said deed the children took no interest in the land and the questions arising on the demurrer are certified to this Court for decison.

All of the questions arising on the demurrer depend upon the construction of the deed from Jas. C. Bartlett to Mary S. Bartlett above set out. "In order to give full effect to the intent of the party making the deed, will, or other writing and to effect the purpose of such instrument, the Court or other construing body generally looks to the whole instrument and examines all of its provisions". *Maddy* v. *Maddy,* 87 W. Va. 581; 105 S. E. 803; *Irwin* v. *Stover,* 67 W. Va., 356; 67 S. E. 1119; *Weekley* v.*Weekley,* 75 W. Va. 280, 83 S. E. 1005. The common law rule that the habendum must yield to the granting clause in case of inconsistency will not be resorted to here because this should only be done where the repugnancy is so irreconcilable that the intention of the grantor cannot be determined with reasonable certainty from a construction of the instrument as a whole. "So whatever may have been the earlier rule, it is now thoroughly settled that technical rules of construction are not favored, and must not be applied so as to defeat the intention". 8

R. C. L. p. 1037; *Temple* v. *Wright,* 85 Va. 338; *Culpepper Natl. Bank* v. *Wrenn,* 115 Va. 55; C. J. Title "Deeds" sec. 329; *Maddy* v. *Maddy, supra.*

We will, therefore, consider this deed in its entirety in an effort to arrive at the intention of the grantor. If we take the granting clause alone there is no question but that the grantor intended Mary S. Bartlett as the sole grantee and under provisions of sec. 8, chap. 71, (Barnes' 1923) Code, this deed conveys to her the entire equitable estate in this land, this being all the estate the grantor could convey to his wife. The first indication we find in the whole deed that there is a question at all as to the intention of the grantor is in the habendum, there being nothing in the premises or the granting clause itself to indicate otherwise than Mary S. Bartlett as sole grantee. We think the words used there "and her heirs by me and assigns forever" is a phrase of limitation and not of purchase, creating an estate in fee tail, which by statute (sec. 9, chap. 71, Barnes' 1923 Code), is raised to a fee simple. *Maddy* v. *Maddy, supra; Allen* v. *South Penn Oil Co.,* 72 W. Va. 155, 77 S. E. 905. In *Maddy* v. *Maddy* this Court said, "Under such construction there could be no repugnancy between the grant and habendum". In that case the habendum to the deed in controversy was substantially similar to this one. In the case of *Wherle* v. *Price,* 80 W. Va. 669, 94 S. E. 479, this Court said, "The conveyance to Esther Price and the heirs of A. C. Price and Esther Price; A. O. Price and Esther Price being husband and wife, vested in Esther Price an equitable estate in tail which, by the statute, sec. 9, chap. 71, was converted to a fee simple". Applying the doctrine held in these cases, Mary S. Bartlett by said deed takes an equitable estate in fee.

The habendum is the only clause here which is vague, all other clauses expressly conveying the estate simply to Mary S. Bartlett. "The only purpose and function of the habendum is to define with greater particularity the preceding grant, its terms are subsidiary to the latter and must be construed in the light of the purposes disclosed by it". Devlin on Real Estate, page 317; Minor on Real Property,

Vol. II, at page 1202; *Freudenberger Oil Co.* v. *Simmons*, 75 W. Va. 337, 341; 83 S. E. 995; 18 C. J. title "Deeds", sec. 329.

Since our conclusion is that the two clauses in the deed in question are not irreconcilable, it is useless to refer to this question other than to cite the following authorities: *Maddy* v. *Maddy, supra; Freudenberger Oil Co.* v. *Simmons, supra; Paxton* v. *Benedum-Trees Oil Co.*, 80 W. Va. 187, 94 S. E. 472; 1 Devlin on Real Estate (3d Ed.) secs. 214, 219; 18 C. J. title "Deeds" sec. 329.

Our conclusion is that the effect of this deed of Jas. C. Bartlett was to convey this property to his wife in fee; and that the phrase "and her heirs by me and assigns forever" found in the habendum of the deed are words of limitation and not of purchase, and created a fee tail estate in her which by our statute is converted into a fee simple estate. Therefore, there is no conflict in the intent expressed in these clauses, and the defendants, Edna Sinnet and Guy Sinnet, thus take an equitable estate in the land in question because they can take no greater estate than was conveyed to Mary L. Bartlett by the deed in question. *McKenzie* v. *Ohio River R. Co.*, 27 W. Va. 306; *Humphrey* v. *Spencer*, 36 W. Va. 11, 14 S. E. 410. Her right to dispose of this estate is fully authorized by statute, sec. 5, chap. 71, (Barnes' 1923) Code.

The ruling of the circuit court in sustaining the demurrer to the bill is affirmed.

*Affirmed.*