FLOYD, Circuit Judge,
dissenting in part and concurring in part:
In my view, nothing in the Agreement’s plain language requires Pinnacle to pump water to facilitate Covol’s coal operations. In holding otherwise, I believe the majority conjures an ambiguity where there is none, erring in two fundamental respects. Accordingly, except in regard to Part III.B of the majority’s opinion, I respectfully dissent.
First, the majority tacitly attributes a meaning to “right-of-way” that is anything but “plain and ordinary.” Berry v. Mountain Air Prop. Owners Ass’n, No. 13-1324, 2014 WL 5312274, at *3 (W.Va. Oct. 17, 2014). A “right-of-way” is “[t]he right to pass through property owned by another.” Black’s Law Dictionary 1522 (10th ed.2014). Although a landowner cannot interfere with the use of a right-of-way, a landowner has no duty to maintain or facilitate its use for the grantee’s benefit. See, e.g., Greiner v. Columbia Gas Transmission Corp., 41 F.Supp.2d 625, 631 (S.D.W.Va.1999); Restatement (Third) of Property: Servitudes § 4.13(2) (2000); James W. Ely, Jr. & Jon W. Bruce, The Law of Easements & Licenses in Land § 8.22 (2014). Thus, the pertinent part of § 18 provides Covol only the right to pass through Pinnacle’s property; it clearly does not impose an affirmative obligation on Pinnacle to facilitate Covol’s passage and suit Covol’s changing needs.
Second, the majority fails to construe the Agreement “as a whole, taking and considering all the parts together.” Faith United Methodist Church & Cemetery of Terra Alta v. Morgan, 231 W.Va. 423, 745 S.E.2d 461, 481 (2013) (quoting Maddy v. Maddy, 87 W.Va. 581, 105 S.E. 803, 803 (1921)). Specifically, the majority overlooks the significance of § 20, which provides:
Pinnacle makes no representation as to the character or quality or amount of the Refuse Material Covol removes or receives. Pinnacle HEREBY DISCLAIMS ANY WARRANTIES, EXPRESS OR IMPLIED,- IN CONNECTION WITH THE REFUSE MATERIAL____ Pinnacle has not made any representation or warranty *117 to Covol regarding the suitability or safety of Pinnacle’s property for the processing of the Material as contemplated by this Agreement.
J.A. 85-86 (capitalization in original). Given Pinnacle’s express disclaimers regarding the amount of material that Covol should expect to recover and the suitability of Pinnacle’s property for Covol’s operations, it is hard to see how Pinnacle had an affirmative obligation to pump water and alter the conditions of its property simply to allow Covol to access more material.
In summary, unless one attributes a novel meaning to “right-of-way” and isolates § 18 from the rest of the Agreement, the Agreement unambiguously does not impose any obligation on Pinnacle to pump and lower water for Covol’s benefit. As a result, I respectfully dissent and would affirm the lower court’s determination in full.