## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CLINTON HILLS
IMPROVEMENT ASSOCIATION,**
**Plaintiff Below, Petitioner**

**FILED**
**December 4, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-29**       (Cir. Ct. Ohio Cnty. Case No. CC-35-2021-C-164)

**FRANK E. BUTCH a/k/a FRANCIS
BUTCH AND ROSE MARY BUTCH,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner Clinton Hills Improvement Association ("Clinton Hills") appeals the Circuit Court of Ohio County's December 3, 2024, order which granted a motion to dismiss filed by Respondents Frank E. Butch a/k/a Francis Butch and Rose Mary Butch (the "Butches"). The Butches filed a response.[1] Clinton Hills filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this matter is remanded.

Clinton Hills functions as a homeowners' association for the Clinton Hills residential subdivision located in Ohio County and among other things, assesses association fees to lot owners used for the maintenance of streets, parks, and other common areas in the subdivision. Covenants contained in the lot owners' deeds authorize Clinton Hills to assess the association fees and to enforce payment of the fees.

In 2002, the Butches purchased a lot in the Clinton Hills subdivision. The Butches' deed dated February 22, 2002 (the "Deed"), contained multiple protective and restrictive covenants, including a covenant that seemingly obligates the Butches to pay the association fees. The Butches paid the association fees from 2002 until 2015. The Butches ceased paying the association fees in 2015, claiming that a covenant in the Deed exempts them from paying the fees. That covenant (the "Road Maintenance Covenant") provides:

---

[1] Clinton Hills is represented by Ryan W. Weld, Esq. The Butches are represented by Mark A. Kepple, Esq., and Benjamin P. Visnic, Esq.

1

It is further covenanted and agreed between the parties hereto that neither the Trustee of the Edward Cohen Trust and its beneficiaries, successors and assigns nor the parties of the second part hereto, shall be obligated for the repair or maintenance of any of the roads or rights-of-way leading to or located within the subdivision known as Clinton Hills, and that the duty of repairing and maintaining said roads and rights-of-way shall be upon the owner or owners of the respective lots abutting upon said roads and rights-of-way.

On October 5, 2021, Clinton Hills recorded a lien against the Butches for the delinquent association fees and late fees. On October 6, 2021, Clinton Hills filed this action against the Butches, seeking to recover $5,205.00 in unpaid association fees and $3,200.71 in late fees, plus attorney fees and costs. Clinton Hills alleges in its complaint that the following covenant in the Deed (the "Paragraph 16 Covenant") authorizes its actions against the Butches:

16. Every improved lot in Clinton Hills shall be subject to an annual charge proportionate to the total number of improved lots in said Clinton Hills and in such amount as the Association shall determine from time to time. Such charges shall be applied to the maintenance of streets, parks and other public improvements in Clinton Hills, and lot owners by their acceptance of these covenants agree that all unpaid charges shall be a lien against their respective lots and that notice of any such lien may be placed of record by the Association. If any such charge is not paid promptly and in full when due, the Association in addition to other remedies shall have the right and authority to bring an action against the owner or owners of said lot and to obtain and enforce a judgment against such owner or owners.

The Butches filed a motion to dismiss the complaint asserting that the Road Maintenance Covenant exempts them from paying the association fees because those fees are used for street maintenance. On June 21, 2024, the circuit court held a hearing on the motion to dismiss and took the matter under advisement. On December 3, 2024, the circuit court entered an order dismissing the complaint, finding that the plain language in the Road Maintenance Covenant was unambiguous and concluding that it excludes the Butches from paying the association fees. This appeal of the circuit court's December 3, 2024, order followed.

This Court reviews a circuit court's rulings on a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). In evaluating a motion to dismiss, a circuit court must "presume all of the plaintiff's factual allegations are true" and must "construe those facts, and inferences arising from those facts, in the light most favorable

2

to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)). With these standards in mind, we will address the parties' arguments.

At the outset, we note that the assignments of error in Clinton Hills' brief do not directly address what we find is the dispositive issue in this appeal—the circuit court's determination that the Road Maintenance Covenant is unambiguous. Instead, Clinton Hills' assignments of error only address procedural errors in the circuit court's treatment of the motion to dismiss. The Butches argue that Clinton Hills failed to assign error to the fundamental issue of ambiguity and thus, has waived any ambiguity argument it may have. We acknowledge that a petitioner's failure to include necessary assignments of error in its brief can be fatal to the case and result in dismissal of the appeal. *See Wilson v. Kerr*, No. 19-0933, 2020 WL 7391150 (W. Va. Dec. 16, 2020) (memorandum decision). However, we may also liberally construe briefs and based on our review of Clinton Hills' brief, its reply, and the record on appeal, we conclude that Clinton Hills has sufficiently raised the issue for us to consider.[2]

Turning to the issue of ambiguity, which we find is dispositive of this appeal, the Supreme Court of Appeals of West Virginia ("SCAWV") has recognized that "[w]hen a deed expresses the intent of the parties in clear and unambiguous language, a court will apply that language without resort to rules of interpretation or extrinsic evidence." *Gastar Exploration, Inc. v. Rine*, 239 W. Va. 792, 798-99, 806 S.E.2d 448, 454-55 (2017). The SCAWV explained further that:

> In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith.

---

[2] We take this occasion to remind counsel of the importance of properly identifying assignments of error. As explained by the Supreme Court of Appeals of West Virginia,

> . . .substantial justice is not served when the Court is asked to perform this most basic function of a petitioner's appellate practice, and we caution the bar that we are loath to put respondents in the difficult position of identifying assignments of error that should have been carefully articulated by opposing counsel.

*Wilson*, 2020 WL 7391150, at *3 (W. Va. Dec. 16, 2020) (memorandum decision).

*Id.* at 799, 806 S.E.2d at 455 (2017) (quoting Syl. Pt. 1, *Maddy v. Maddy,* 87 W. Va. 581, 105 S.E. 803 (1921)). The SCAWV has defined ambiguity as "language reasonably susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." *Gastar Exploration Inc.*, 239 W. Va. at 794, 806 S.E.2d at 451, Syl. Pt. 5 (quoting Syl. Pt. 4, *Estate of Tawney v. Columbia Nat. Res., L.L.C.*, 219 W. Va. 266, 633 S.E.2d 22 (2006)).

The circuit court in this case determined that there is "no ambiguity in the plain wording" of the Road Maintenance Covenant and concluded that it exempts the Butches from paying association fees. The circuit court did not address the Paragraph 16 Covenant, which on its face provides that the association fees would be used for the "maintenance of streets" in the subdivision. Based on our review of the Deed as a whole and reading the two covenants at issue together, we conclude that the Deed is reasonably susceptible of two different meanings as to whether the Butches are exempted from paying the association fees. Therefore, we conclude that the Deed is ambiguous and subject to ordinary rules of construction and interpretation.[3]

Accordingly, we reverse the December 3, 2024, order, to the extent the circuit court determined that the Road Maintenance Covenant is unambiguous and remand the case to the circuit court for further proceedings consistent with this decision. This decision is limited to the issue of ambiguity and should not be construed as a decision on the merits of the entire case.

Reversed and Remanded.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[3] Because our determination of ambiguity is dispositive of this appeal, we will not address the remaining assignments of error.