# CHARLESTON.

Elizabeth McConaughey *v.* J. Howard Holt, *Spec. Com'r. et als.*

(No. 5677)

Submitted September 21, 1926. Decided October 5, 1926.

1. Deeds—*Deed Should be Construed to Sustain Instrument in Toto Rather Than to Reject Some Parts.*

   It is a well recognized canon of construction, that in construing a deed it should be given a construction that sustains the instrument *in toto* rather than one that rejects some parts. That is, the instrument should be construed so as to give validity to all its parts—*ut res valeat magis quam pereat.* (p. 294.)

   (Deeds, 18 C. J. § 205.)

2. Same—*Where Plat Referred to in Deed and Made Part Thereof Showed Lot to Which Grantor Had no Title, Grantee Who Owned Such Lot, and Who Later Conveyed*

*to Other Grantees, by Reference to Deed and Plat, All Title Received Under Such Deed Did Not Convey Title to Such Lot.*

Where in a plat referred to in a deed from C to E, J and R, and made part thereof, there appears among the many tracts incorporated therein a certain lot to which C had no title, and E, the owner of the title to said lot, later conveys to J and R, by reference to the aforesaid deed and plat, all her right, title and interest received under the said deed from C, limiting her grant, however, to any rights "which she in any wise received or took by virtue of, or under said deed", she does not thereby convey her title to said lot. (p. 294.)

(Deeds, 18 C. J. § 205.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Marshall County.

Ejectment by Elizabeth McConaughey against J. Howard Holt, Special Commissioner, and others.    Judgment for plaintiff and defendants bring error.

*Affirmed.*

*J. Howard Holt* and *D. B. Evans* for plaintiffs in error.

*Martin Brown* and *Jay T. McCamic* and *McCamic & Clarke* for defendant in error.

WOODS, JUDGE:

This is an action in ejectment. It was tried to the circuit court of Marshall county in lieu of a jury. The court found for the plaintiff and entered judgment thereon for the property described in the declaration. Defendants claim error. Both claim title from a common source—Robert Crawford.

Robert Crawford and wife, on June 7, 1888, conveyed the property in question—the "livery stable lot"—to J. C. Crawford. J. C. Crawford and wife, on August 29, 1895, conveyed the same to Elizabeth Crawford, now McConaughey, the plaintiff in the present suit. At the time said property was conveyed to the plaintiff, she, her sister Ella, and two brothers, John G. and Robert E., were engaged in the mercantile business as a partnership. The livery stable on the lot aforesaid was used for partnership purposes. It

burned down shortly after the transfer, and was rebuilt out of partnership funds. Ella died shortly thereafter, and her interest vested in her father, Robert Crawford, who on the 1st day of February, 1896, conveyed to the remaining three members of the partnership any interest that he might have in the property therein described, as embraced in a plat just recently made by J. F. Burley ( the said description and plat including the tract known as the "livery stable lot", possibly by inadvertence), and also conveyed his interest of "every kind, sort and character whatsoever of, in and to the assets, stocks, goods, wares and merchandise, bonds, notes, choses in action, evidences of debt, account, claims and property of any sort and kind belonging to or due and owing to or in any way coming to the late firm or partnership of and in which the late Ellen Crawford was a member and partner, she the said Ellen having died unmarried and intestate she being one of the children of the said Robert Crawford and having died without issue the said firm or partnership did business for a long time in said town of Cameron under the firm name of Crawford Brother & Co." In order to wind up the partnership, plaintiff, by deed dated May 14, 1879, without warranty, conveyed to John G. Crawford and Robert E. Crawford "all and every of her right, title and interest of, in and to all the real estate mentioned and described in a deed bearing date the 1st day of Feby. A. D., 1896, from Robert Crawford to the parties to this deed and mentioned and described also in the plat or map attached to said deed and referred to therein marked "Exhibit A" as well, too, as all and every of the real estate mentioned and described in said deed, *and of her rights which she in any wise received or took by virtue of or under the said deed,* which deed is recorded in the office of the clerk of the county court of Marshall county, in Deed Book No. 57, page 357, and to which deed so recorded and said plat so recorded with it, reference is hereby made for the description of the real estate."

Robert E. Crawford died in 1908, and by will left all of his property, after payment of debts, to his brother John

G. Crawford. John G. Crawford died in 1917, and his wife was appointed executrix of his will. A chancery suit was instituted in Marshall county to settle the estate of John G. Crawford, assemble the assets, and pay his debts. Special commissioners were appointed to make sale, and the property involved in the instant case was sold as the property of John G. Crawford's estate. The same has been transferred by several assignments, but the commissioners have not made a deed for any of the property, pending the result of this litigation. The plaintiff in the instant case was not made a party to the chancery suit aforesaid.

The commissioners disclaimed any interest in the property involved in this action, and the remainder of the defendants pleaded not guilty.

The main issues raised on this writ of error are: (1) Did the plaintiff part with her title to the "livery stable lot" by her deed to Robert E. and John G. Crawford, dated May 14, 1897; and (2) if such was not the effect of said deed, did she lose title by adverse possession on the part of her brother?

The deed of Robert Crawford, dated February 1, 1896, while it conveyed all his right, title and interest of "whatsoever character or kind of, in and to the following described real estate", as embraced within the description taken from a plat made by J. F. Burley, shortly theretofore, clearly did not convey any interest in the said "livery stable lot" (even though the same may have been incorporated within the plat), for the simple reason that he had previously (in 1888) conveyed his title in the said lot to J. C. Crawford, who later sold it to the plaintiff in this case. Since no interest was conveyed thereby, plaintiff's deed to her brothers, dated May 14, 1897, conveying any rights "which she in any wise received or took by virtue of or under said deed," likewise did not convey her title to said "livery stable lot." The language of the deed plainly admits of this interpretation. But the defendants contend that the reference to the map makes it a part of the instrument itself. *Snooks* v. *Wingfield,* 52 W. Va. 441. Ordinarily this is true.

A recognized canon of construction, however, is that in construing an instrument it should be given a construction that sustains the instrument *in toto* rather than one that rejects some parts. This is, the instrument should be construed so as to give validity to all its parts—*ut res valeat magis quam pereat.* The deed of J. C. Crawford and wife to the plaintiff, granted to plaintiff by general warranty the stable lot. The deed of Robert Crawford to plaintiff, John G. Crawford and Robert E. Crawford, purported to convey all grantor's rights, title and interest in and to a number of properties described in said plat, including *inter alia* in its description the stable lot. Obviously the stable lot was not included in the grant, although it was embraced in the plat, because in fact, as we have shown, at that time the grantor had no interest in said stable lot. A deed is to be interpreted and construed as of its date. *Yonker* v. *Grimm,* 101 W. Va. 711. The deed of plaintiff (May 14, 1897), although purporting to convey interests in many properties as shown on the plat, limited the grant to any rights "which she in any wise received or took by virtue of, or under said deed," from Robert Crawford to this plaintiff, John G. Crawford and Robert E. Crawford. Thus, the first granting clause carries everything else but the stable lot, which by reason of the second reference in the deed is not carried since the plaintiff got nothing thereunder, because the grantor in the deed of February 1, 1897, had no interest in said stable lot to convey. By this interpretation both portions of the deed are given effect and none rejected. *White* v. *Bailey,* 65 W. Va. 573; *Maddy* v. *Maddy,* 87 W. Va. 581; *Weekley* v. *Weekley,* 75 W. Va. 280; *Waldron* v. *Coal Co.,* 61 W. Va. 280; *Carpenter* v. *Camp Mfg. Co.,* 112 Va. 300.

Has the plaintiff lost her title by adverse possession? As clearly appears from the deed of May 14, 1879, it was made for the purpose of adjusting the partnership business and of dissolving the same. It is admitted that the stable on the lot in question was used by the partnership in their business, and that a new stable was erected thereon by the partnership after a fire had demolished the former one. During the

existence of the partnership John G. Crawford's control over the same would not run against the rights of the plaintiff. Before the same would constitute adverse possession there would have to be an accounting and settlement of the partnership business. An accounting or settlement was never had. While John G. Crawford, during his lifetime continued to collect the rents for the use of the livery stable, yet he always admitted that the "livery stable lot" belonged to Elizabeth (plaintiff). All such rents, so long as a settlement was not had belonged to the partnership. Adverse possession never started to run at any time during the lifetime of John G. Crawford, because he was still, in the eyes of the law, a partner, and collecting the rents and profits as such partner.

The plaintiff was not a party to the suit in which the lot in question was sold, and hence is not bound by that decree. The attempt to show that the property had not been assessed to the plaintiff in the county in which it was situated was rendered abortive by the fact that it was shown to have been assessed in the name of "John Crawford and others". Mere irregular entries of land on the land books for taxation and payment of taxes thereon, pursuant to such entry, prevent forfeiture of the title under section six, Article 13 of the West Virginia Constitution. *Webb* v. *Ritter*, 60 W. Va. 193. No attempt was made on behalf of defendants to show that plaintiff was not included in the notation "and others". This was a defense, the burden of substaining which, the law casts upon the defendants.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*