ELIZABETH L. SMITH *et al. v.* G. L. DUDLEY *et al.*

(No: 7678)

Submitted March 6, 1934.   Decided March 13, 1934.
(Rehearing Denied June 11, 1934)

W. H. Carter and C. M. Hanna, for appellants.
Marshall & Forrer and Ambler, McCluer & Ambler, for appellees.

Woods, President:

This appeal is prosecuted by certain of the heirs of E. D. Smith, deceased, from a decree of the circuit court of Wood county sustaining a demurrer to and dismissing their bill.

It appears from the bill that Lysander Dudley and wife, in 1898, conveyed, with covenants of general warranty, two certain parcels of land, to E. D. Smith, subject to the following reservation or exception:

> "There is also excepted from this covenance one-sixteenth royalty in and to all oil and gas in to and under said real estate which royalty in and to said oil and gas the said Lysander Dudley reserves to himself for the term of Eighteen years from the date hereof *and as much longer as oil or gas are produced in paying quantities* at the expiration of which terms said royalty shall go to said E. D. Smith or his assigns."

And, it further appears that at the time of the execution of the deed, and at all times since, oil and gas have been produced from the properties in question.

The bill is drawn on the theory that the reservation or exception of the 1/16 royalty of the oil and gas, under proper interpretation, expired in 1916, and that by reason thereof, plaintiffs are entitled to an accounting and a decree for 1/16 of all royalties since that date to the time of the bringing of this suit.

It is the contention of the plaintiffs that the reservation is ambiguous—that the deed first purports to reserve the interest for eighteen years, and in the next clause, which we have italicized, to continue it forever; that the latter clause is therefore repugnant and should be excluded, under the rule laid down in *Paxton* v. *Benedum-Trees Oil Co.*, 80 W. Va. 187, 94 S. E. 472, and *Browning* v. *Blue Grass Hardware Co.*, 153 Va. 20, 149 S. E. 497. And they say further that their position is supported by the next clause, which contemplates a vesting of the 1/16 interest in the Smiths.

A reasonable construction should be given to a reservation or exception according to the intention of the parties, ascertained from the entire instrument. 18 C. J. 346. And this implies that effect and meaning will be given to each clause

thereof if consistent with the intent deducible from the entire instrument. *McConaughey* v. *Holt,* 102 W. Va. 290, 135 S. E. 282; *Freudenberger Oil Co.* v. *Simmons* , 75 W. Va. 337, 83 S. E. 995; *Griffin* v. *Fairmont Coal Co.,* 59 W. Va. 480, 53 S. E. 24; *Uhl* v. *Ohio River R. Co.,* 51 W. Va. 106, 41 S. E. 340; *Browning* v. *Blue Grass Hardware Co., supra.*

It is apparent from the language used in the reservation that the Dudleys wanted to reserve to themselves a 1/16 interest, or royalty, not merely for the term of eighteen years, but as long as oil or gas in paying quantities should be continuously produced from said tracts. If, after expiration of the eighteen year period, production should cease, the grantors' right should immediately terminate. The right beyond eighteen years was dependent upon a paying production at the expiration of that time. And that right expires when oil or gas ceases to be produced in paying quantities. Granting that oil and gas were being produced at the time of the execution of the contract, as contended for by the plaintiffs, we reach the same conclusion—the eighteen year period was invariable, although the field might be abandoned immediately after the execution of the deed. And, if perchance within the eighteen year period, due to renewed operations the property again became productive, it would be subject to the grantor's rights. There is no allegation that production has ceased; in fact the averments in the bill specifically negative such a condition. The question as to when it ceases is not before us.

In view of the clear intention expressed in the deed, the plaintiffs' case must necessarily fall. Such disposition renders the question of laches moot.

The decree of the trial court is therefore affirmed.

*Affirmed.*